IN RE the MARRIAGE OF: Sylvia L. FAUST, Petitioner-Respondent,

v.

Marvin FAUST, Respondent-Appellant.

Court of Appeals

*No. 93–0504. Submitted on motions April 26, 1993.—Decided May 26, 1993.*

(Also reported in — N.W.2d —.)

600

For the respondent-appellant the cause was submitted on the motion of *Daphne Webb* of *Stafford, Rosenbaum, Rieser & Hansen* of Madison.

For the petitioner-respondent the cause was submitted on the response of *Howard T. Healy* of *DiRenzo and Bomier* of Neenah.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

PER CURIAM. Marvin Faust moves for relief pending appeal under Rule 809.12, Stats. He seeks a stay of an order increasing maintenance payable to Sylvia Faust from $1500 to $4000 a month. Sylvia has filed a response opposing the motion. We deny the request for a stay.

Marvin argues that the trial court abused its discretion in denying a stay pending appeal. Although the grant or denial of a stay is a discretionary act of the trial court, *State ex rel. Johnson v. Williams*, 114 Wis. 2d 354, 356, 338 N.W.2d 320, 321 (Ct. App. 1983), we are not relegated to simply reviewing the action taken

by the trial court. A motion under Rule 809.12, Stats., for relief pending appeal is considered *de novo* by the court of appeals. Therefore, it is incumbent upon the moving party to address the relevant factors and provide specific facts and affidavits supporting assertions that these factors exist so we have an adequate record from which we can determine the merits of the motion for relief. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991), *rev'd on other grounds*, 954 F.2d 1174 (6th Cir. 1992).[1]

This court may grant a stay when a moving party: (1) makes a strong showing that it is likely to succeed on the merits of the appeal; (2) shows that, unless a stay is granted, it will suffer irreparable injury; (3) shows that no substantial harm will come to other interested parties; and (4) shows that a stay will do no harm to the public interest. *See Leggett v. Leggett*, 134 Wis. 2d 384, 385, 396 N.W.2d 787, 788 (Ct. App. 1986). These factors are interrelated considerations that must be balanced together. *Griepentrog*, 945 F.2d at 153. While more of one excuses less of the other, the movant is always required to demonstrate more than the mere "possibility" of success on the merits. *Id.*

This is an appeal from an order modifying maintenance. There is no dispute that a substantial change of circumstances existed which justified a modification. The modification of a maintenance award is discretionary with the trial court. We will sustain a discretionary

---

[1] Rule 809.12, Stats., is based on Fed. R. App. P. 8(a), and federal cases may provide persuasive guidance as to its proper application. *Leggett v. Leggett*, 134 Wis. 2d 384, 385, 396 N.W.2d 787, 788 (Ct. App. 1986).

determination if discretion has been completely exercised, the facts support the determination, and it is found that the trial court applied the correct legal standard. *Roellig v. Roellig*, 146 Wis. 2d 652, 655–56, 431 N.W.2d 759, 761 (Ct. App. 1988).

Here, the trial court issued a lengthy written decision on the motion to modify which, on its face, appears to address the appropriate considerations. Although the issues to be raised on appeal are relevant and thought provoking, we are not persuaded that the likelihood of success of Marvin's arguments is so strong so as to support a stay in the absence of other relevant factors.

Marvin claims that he will be irreparably damaged by having to make the increased maintenance payments pending appeal. Economic loss does not constitute irreparable harm in and of itself. *State ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987). On the other hand, it appears that Sylvia will be harmed by a stay of the trial court's order. It has been determined that the increased maintenance is necessary and she should not be deprived of the benefit of that ruling simply because Marvin has elected to appeal. [2]

*By the Court*.—Motion for relief pending appeal denied.

---

[2] Harm to the public interest is not a factor in this instance.