PRUE, Plaintiff in error, v. STATE, Defendant in error.

*No. State 65. Submitted under sec. (Rule) 251.54 March 6, 1974.—Decided April 2, 1974.*
(Also reported in 216 N. W. 2d 43.)

110

The cause was submitted for the plaintiff in error on the brief of *Howard B. Eisenberg,* state public defender, and for the defendant in error on the brief of *Robert W. Warren,* attorney general, and *Thomas J. Balistreri,* assistant attorney general.

HALLOWS, C. J.　The statement in the judgment "with no good time given" was superfluous but did, perhaps, serve as a warning to the authorities that Prue was not entitled to good time under sec. 53.43, Stats.,[1] because he was on probation and not serving a sentence. We point out that while Prue was ordered to spend the first six months of his probation in a county reforestation camp, the law applicable to persons serving a sentence in such camps in respect to good time is the same as that applying to those serving a sentence in county jails. The court under sec. 56.07 (2),[2] is authorized to commit a person to a county reforestation camp as an alternative to commitment to a county jail, and sec. 56.07 (9) [3]

[1] "53.43 **Good Time.** Every inmate of a county jail is entitled to a diminution of his sentence in the amount of one-fourth of his term for good behavior if sentenced to at least 4 days, but fractions of a day shall be ignored. . . ."

[2] "56.07 **County reforestation camps.** . . .

"(2) When convicted persons are subject to commitment to the county jail . . . the court may instead commit them for equivalent terms to a reforestation camp authorized under sub. (1)."

[3] "56.07 **County reforestation camps.** . . .

"(9) Inmates of a reforestation camp sentenced to such camp for less than one year or in lieu of a county jail sentence shall be subject to the same diminution of time as is provided in s. 53.43."

prescribes that inmates of reforestation camps are entitled to the same good time provided by sec. 53.43 to those committed to county jails.

The trial court held, and we think correctly, that sec. 53.43, Stats., providing for a diminution of sentence of one fourth of the term for good behavior for every inmate in a county jail is not applicable to persons confined in a county jail as a condition of probation. Under sec. 973.09 (1),[4] when a person is convicted of a crime, the court, if it wishes to place the person on probation, can do either of two things: (a) Withhold sentence, or (b) impose sentence and stay its execution. After the court does one of these, it may then place the person on probation and impose any condition or conditions which are reasonable and appropriate. By virtue of sec. 973.09 (4) [5] a court may make as a condition of probation that the probationer be confined in the county jail between the hours of his employment. Al-

[4] "973.09 **Probation.** (1) When a person is convicted of a crime, the court may, by order, withhold sentence or impose sentence and stay its execution, and in either case place him on probation to the department for a stated period, stating in the order the reasons therefor, and may impose any conditions which appear to be reasonable and appropriate. The period of probation may be made consecutive to a sentence on a different charge, whether imposed at the same time or previously."

[5] The practice of allowing a court to confine a person to county jail as a condition of probation was first permitted by sec. 57.01 (6), Stats. 1967, which was created by ch. 394, Laws of 1965. Sec. 973.09 was created by ch. 255, sec. 63, Laws of 1969 and modified former sec. 57.01. Confinement as a condition of probation is now authorized by sec. 973.09 (4). This section provides:

"(4) The court may also require as a condition of probation that the probationer be confined in the county jail between the hours or periods of his employment during such portion of his term of probation as the court specifies, but not to exceed one year and the court shall require him to pay the costs as provided in s. 56.08 (4). While confined pursuant to this subsection he shall be subject to all the rules of the jail and the discipline of the sheriff."

though by specific reference to sec. 56.08 (4) this section requires such person to pay the costs of his confinement, as do the Huber Law prisoners, it states nothing about good time, as does sec. 56.07 (9) relating to reforestation camps. Nor does this section refer to sentencing. It uses the word "confine" rather than "sentenced" to the county jail in reference to probation and then provides that one confined shall be subject to the rules of the jail and the discipline of the sheriff. Thus the confinement under this section in jail is not intended to be serving a sentence.

But, Prue argues that sec. 53.43, Stats., providing for good time should also apply to probationers because the plain meaning of its language and its history require such an interpretation. The good time section was created by ch. 504, sec. 1, Laws of 1959. It deals primarily with Huber Law prisoners [6] and was enacted before the courts

[6] Sec. 53.43, as presently constituted, was created by the Laws of 1959, ch. 504, sec. 1 (*See* 7 Wis. Stats. Anno., 1973 P. P., p. 159). Prior thereto, former sec. 53.43, Stats. 1947, provided as follows:

"**Credit for good conduct.** If approved by the committing court, a prisoner sentenced to the county jail obtains a diminution of one-fourth of his term if his conduct, diligence and general attitude merit such diminution." *See* 7 Wis. Stats. Anno., p. 338, sec. 53.43.

The reason standing behind the 1959 change is explained in a report submitted to the State Board of Public Welfare, by the Citizens Advisory Committee on Jail Problems and the Detention of Female Misdemeanants, chaired by then District Judge Robert W. Hansen (now justice of the supreme court) under date of February 5, 1959, which committee had been appointed to study and recommend legislation. It was therein stated that:

"The law relating to good time for county jail prisoners is in need of revision. Presently, good time may be granted for good conduct only with the approval of the committing judge, a procedure which is at times cumbersome and which is unnecessary. It is the Committee's opinion that statutory provision should be made for the granting of good time to each prisoner during good behavior and for diminution of such good time for infraction of rules. This is the basis on which good time is now handled at State penal institutions."

had the power to confine a person in a county jail as a condition of probation. While this section speaks of "every inmate," that term is qualified by reference to "his sentence" and to "one fourth of his term."

Those receiving Huber Law privileges are serving a sentence. Probation is an alternative to a sentence; and the fact that a condition of confinement in the county jail is similar to the confinement of a sentence under the Huber Law does not make a probation a sentence. There are public policy considerations why a committing court should have a wide choice in dealing with a convicted person in regard to his punishment and rehabilitation. The trial court should have leeway if probation is to be an effective tool of rehabilitation. A trial court could grant good time as a condition of a probation if it desired; and under sec. 973.09 (3), Stats.,[7] may change the terms of probation. We do not accept the argument that the common and usual meaning of "sentence" or "sentencing" in sec. 53.43 means confinement on probation.

The view that probation is not a sentence and that the imposition of incarceration as a condition of probation is likewise not a sentence has been generally accepted. *See McCulley v. State* (Mo. 1972), 486 S. W. 2d 419, 423; 38A *Words and Phrases* (perm. ed.), pp. 355, 356; *see also In re Hays* (1953), 120 Cal. App. 2d 308, 260 Pac. 2d 1030; *In re Martin* (1947), 82 Cal. App. 2d 16, 185 Pac. 2d 645; *Petersen v. Dunbar* (9th Cir. 1966), 355 Fed. 2d 800; *Scarpelli v. Gagnon* (E. D. C. Wis. 1970), 317 Fed. Supp. 72, 77; *People v. Terven* (1970), 130 Ill. App. 708, 264 N. E. 2d 538; *Petition of Williams* (1965), 145 Mont. 45, 399 Pac. 2d 732; *State v. Duitsman* (1970),

---

[7] "973.09 **Probation.** . . .

"(3) Prior to the expiration of any probation period, the court may for cause by order extend probation for a stated period or modify the terms and conditions thereof."

186 Neb. 39, 180 N. W. 2d 685; *State v. Wright* (Iowa 1972), 202 N. W. 2d 72; *McCulley v. State, supra* (an order placing a defendant on probation, even though it include as a condition of probation that defendant serve a period of detention in the county jail, is not a judgment and sentence); *Commonwealth ex rel. Lemon v. Myers* (Court of Common Pleas Lancaster County, 1957), 56 Lancaster L. Rev. (1958), 65; and *State v. Theisen* (1956), 165 Ohio St. 313, 135 N. E. 2d 392; *Delaney v. State* (Fla. 1966), 190 So. 2d 578; *People v. Boucher* (1973), 10 Ill. App. 3d 750, 295 N. E. 2d 334 (an order placing a defendant on probation is not a sentence, but is in effect a suspension of the imposition of sentence).

On the other hand, it should be noted that sec. 973.10 (1), Stats.,[3] expressly refers to a "sentence of probation" and provides,

"A sentence of probation shall have the effect of placing the defendant in the custody of the department . . . ."

It is stated in the comment to this section in the Criminal Procedure Code, of which this section is a part, that it is a restatement of language in the then secs. 57.02, 57.03, and 57.15. None of these sections uses the term "sentence of probation." Nor do we overlook that this section, entitled "Control and supervision of probationers," and sec. 973.09, entitled "Probation," are in chapter 973, entitled "Sentencing," and that the word "sentence" is not defined in the statute. Generally, it means the judgment of a court by which the court imposes the punishment or penalty provided by the statute for the

[3] "973.10 **Control and supervision of probationers.** (1) A sentence of probation shall have the effect of placing the defendant in the custody of the department and shall subject him to the control of the department under conditions set by the court and rules and regulations established by the department for the supervision of probationers and parolees."

offense upon the person found guilty. This section's use of the words "sentence of probation" is inconsistent with the language of sec. 973.09 which requires a sentence to be withheld or pronounced and execution stayed before a court can place a person on probation. We think sec. 973.09 is the stronger and the more direct statute on probation and must be given preference. Besides, sec. 973.10 (2) states if a probationer violates the condition of his probation, the department may order him before the court for sentence "which shall then be imposed" and if he has already been sentenced, order him to prison. Certainly, in this subsection "sentence" does not include probation.

No matter how we view secs. 53.43 and 973.09, Stats., probation and sentence are different concepts. 24 C. J. S., *Criminal Law,* p. 470, sec. 1571 (7) ; *see also* 38A *Words and Phrases* (perm. ed.), pp. 355, 356. While it is true that the word "sentence" or "sentencing" may be and often is used in a more general sense than we have concluded it is used in secs. 53.43 and 973.09, nevertheless, "sentence" is a legal term and should be given its legal meaning when used in the statutes and the law unless there are strong indications the term was used in a general sense.

*By the Court.*—Judgment and order affirmed.