STATE of Wisconsin, Plaintiff-Respondent,

v.

Steven P. MEYER, Defendant-Appellant.

Court of Appeals

*No. 88–1317–CR. Submitted on briefs January 31, 1989.—
Decided March 1, 1989.*

(Also reported in 442 N.W.2d 483.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Terrence P. Fox* of Manitowoc.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *William L. Gansner,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. The issue on this appeal is whether a sentenced defendant who claims an abuse of sentencing discretion must bring a motion for modification of the sentence in the trial court as a prerequisite to an appeal brought pursuant to sec. 973.19, Stats. We hold that such a motion is required. Since a motion to modify the sentence was not presented to the sentencing court, and since there is no resultant final order, we dismiss Steven Meyer's appeal.

Meyer was originally convicted as a party to the crime of intimidation of a witness, secs. 940.42 and 939.05, Stats., and party to the crime of burglary, secs. 943.10(1) and 939.05, Stats. Sentence was withheld and concurrent probationary terms of two years on the witness intimidation conviction and four years on the burglary conviction were imposed. Meyer's probation on the burglary conviction was subsequently revoked and he was sentenced to three years in the state prisons.[1]

Meyer appeals from the judgment of conviction, arguing that the trial court abused its discretion by imposing the three-year prison term. Meyer did not present any motion to the trial court seeking modification or reconsideration of the sentence prior to taking this appeal. The state raises a threshold waiver issue, arguing that Meyer must first present such a motion to the trial

---

[1] Meyer successfully completed the two-year probation period on the witness intimidation conviction before his probation on the burglary conviction was revoked.

court before we can address the abuse of discretion claim on appeal.

Resolution of this issue requires us to examine the statutory and case law history for obtaining appellate review of a sentence. Prior to the adoption of the Rules of Appellate Procedure, Sup. Ct. Order, 83 Wis. 2d xiii (1978), and the creation of the court of appeals, then sec. 974.06, Stats. (1975), addressed postconviction review of a sentencing grievance. *See, e.g.,* sec. 974.06, Stats. (1975).[2] In *Spannuth v. State,* 70 Wis. 2d 362, 365–66, 234 N.W.2d 79, 81 (1975), the Wisconsin Supreme Court held that this statutory procedure replaced the "writ of error" procedure that permitted direct appeal from sentencing judgments. *Spannuth* also held that sec. 974.06 (1975) embraced abuse of discretion claims and that "no consideration can be given by this court unless a motion raising such error is made to the trial court; compelling circumstances being an exception to the requirement." *Spannuth,* 70 Wis. 2d at 365, 234 N.W.2d at 81 (citations omitted). Thus, compliance with the statute was a prerequisite to appellate review of a sentence.

In 1978, the Wisconsin Supreme Court adopted new rules of appellate procedure. Sup. Ct. Order, 83 Wis. 2d xiii (1978). The Rules of Appellate Procedure now include at subch. III of ch. 809, Stats., the rules for "Felony Appeal Procedure in Court of Appeals." Rule 809.30, Stats., of subch. III sets forth the procedure for

---

[2] Section 974.06(1), Stats. (1975), provided:

A prisoner in custody under sentence of a court claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"Appeals in felony cases." This section sets out an elaborate procedure for pursuing "postconviction relief" which, by definition, includes "appeal." Rule 809.30(1)(a). The procedures of Rule 809.30 are "mandatory." Rule 809.30(2)(a).

In *State v. Lynch,* 105 Wis. 2d 164, 312 N.W.2d 871 (Ct. App. 1981), the court of appeals was faced with the question of whether the adoption of the new rules of appellate procedure eliminated the *Spannuth* requirement for "pre-appeal" application to the trial court for reconsideration or modification of the sentence. This court held that the new rules "did not invalidate the admonition of *Spannuth v. State,* 70 Wis. 2d 362, 365, 234 N.W.2d 79, 81 (1975), that absent compelling circumstances, a motion to correct the sentence should be directed to the trial court before the sentence is challenged on appeal." *Lynch,* 105 Wis. 2d at 167, 312 N.W.2d at 873.

This brings us to sec. 973.19, Stats., the rule at issue in this appeal. This rule was enacted by Sup. Ct. Order, 123 Wis. 2d xiv (1985). It provides:

**Motion to modify sentence. (1)**(a) A person sentenced to imprisonment or ordered to pay a fine who has not requested the preparation of transcripts under s. 809.30(2) may, within 90 days after the sentence or order is entered, move the court to modify the sentence or the amount of the fine.

(b) A person who has requested transcripts under s. 809.30(2) may move for modification of a sentence or fine under s. 809.30(2)(h).

**(2)** Within 90 days after a motion under sub. (1)(a) is filed, the court shall enter an order either determining the motion or extending the time for doing so by not more than 90 days for cause.

**(3)** If an order determining a motion under sub. (1)(a) is not entered timely under sub. (2), the motion

shall be considered denied and the clerk of the court shall immediately enter an order denying the motion.

**(4)** An appeal from an order determining a motion under sub. (1)(a) is governed by the procedure for civil appeals.

**(5)** By filing a motion under sub. (1)(a) the defendant waives his or her right to file an appeal or postconviction motion under s. 809.30(2).

Meyer does not dispute that his appeal in this case must qualify under either sec. 973.19, Stats., or Rule 809.30, Stats. Since he has not followed the procedures of Rule 809.30, Meyer acknowledges in his reply brief that his appeal is taken under sec. 973.19.

Meyer argues that since the rule states that a defendant "may" seek modification of the sentence, such a request is discretionary—not mandatory. He argues that this language is plain and unambiguous, requiring no resort to the rules of statutory construction. *See Ford Motor Co. v. Lyons,* 137 Wis. 2d 397, 419, 405 N.W.2d 354, 363 (Ct. App. 1987). We disagree with the premise of this argument which would restrict our assessment of the rule's meaning to only the opening subsection. Rather, when construing a statute we must consider the *entire* section *and* related sections. *State v. Clausen,* 105 Wis. 2d 231, 244, 313 N.W.2d 819, 825 (1982). Applying this more correct rule of statutory construction, we conclude that sec. 973.19, Stats., requires a motion for modification of a sentence before the sentence can be reviewed on appeal.[3]

---

[3] Statutory construction presents a question of law. *Ford Motor Co. v. Lyons,* 137 Wis. 2d 397, 419, 405 N.W.2d 354, 363 (Ct. App. 1987). We would normally add that such a question does not require any deference to the trial court's interpretation of the statute. *Id.* Here, however, we need not concern ourselves with

Viewing the scheme of sec. 973.19, Stats., *in toto,* we note first that a motion to modify a sentence thereunder is an alternative to, and waiver of, Rule 809.30, Stats., procedures. Sec. 973.19(1)(a), (5). Next, the statute directs the trial court to decide the motion to modify. The statute alternatively provides for the motion's automatic denial if it is not acted upon by the trial court within a specified time. Sec. 973.19(2), (3). Finally, and most importantly, the statute decrees that an appeal from the order on the modification motion is governed by the procedure for civil appeals. Sec. 973.19(4). It is critical to note that the only appeal recognized in sec. 973.19 is *an appeal from the order resulting from the modification motion.* Sec. 973.19(4). Therefore, the use of the word "may" in subsec. (1)(a) refers not to whether a motion to modify should be brought, but rather to whether Rule 809.30 procedures or sec. 973.19 procedures should be selected. Considering the *entire* section, we conclude that sec. 973.19 is clear and unambiguous in its meaning that a motion to modify is not only what the statute creates, but also what the rule requires if any appeal is to be taken therefrom.[4]

---

any deference considerations since the question was not first presented to the trial court.

[4] Even if we were to conclude that sec. 973.19, Stats., is ambiguous in its use of the word "may" in subsec. (1)(a), the Judicial Council Note to the rule supports our conclusion that the rule creates a motion to modify procedure and that any appeal thereunder is from an order resulting from such a motion. Judicial Council Note, 1984, sec. 973.19, Stats., recites in part:

> **Judicial Council Note, 1984:** This section is intended as an expeditious alternative to the procedure prescribed in s. 809.30(2) when the only claim for postconviction relief relates to the severity of the sentence. It is not intended to alter the substantive grounds for

Since we have subject matter jurisdiction to review sentences, Meyer's failure to follow the requirements of sec. 973.19, Stats., does not present a subject matter jurisdiction inquiry. Rather, the inquiry is whether Meyer has complied with a necessary condition precedent to appeal. He clearly has not.[5]

*By the Court.*—Appeal dismissed.

such relief and it restores the time limits governing such motions prior to the 1978 revision of the appellate rules.

This section will probably be most frequently used in guilty plea cases, although it is not limited to such cases. However, if the defendant intends to withdraw a guilty plea or file other postconviction motions, s. 809.30(2) or 974.06 provides the appropriate procedure. Motions under this section should usually be filed by trial counsel without the need for transcripts or for appointment of an appellate public defender. A defendant must elect between the remedies provided by this section and s. 809.30(2). Filing a motion under this section waives relief under s. 809.30(2). However, a defendant who has filed a notice of intent to pursue postconviction relief under s. 809.30(2)(b) may invoke this remedy at any time before transcripts are ordered under s. 809.30(2). If transcripts are required for prosecution of a motion under sub. (1)(a), they should be sought under SCR 71.03(2)[.]

[5] Meyer correctly notes that in *State v. Daniels,* 117 Wis. 2d 9, 343 N.W.2d 411 (Ct. App. 1983), the court of appeals undertook review of a sentence without prior presentation of a motion to modify to the trial court. In *Daniels,* the appellant sought to obtain not only appellate review of the sentence, but also review of a motion to modify which had been filed *after* the notice of appeal. *Id.* at 20, 343 N.W.2d at 416. Citing the rule requiring prior application to the trial court for review of a sentence, the *Daniels* court refused to address the modification ruling as beyond the scope of the appeal. *Id.* at 20, 343 N.W.2d at 416–17.

While the *Daniels* court could have rejected direct review of the sentence on the grounds recited in this opinion, the issue of compliance with conditions precedent was not argued *as a bar to*

*appellate review of the sentence* in that case. Instead, the issue of such compliance in *Daniels* was urged only as a bar to appellate review of the trial court's postappeal ruling on the belated modification request. *Id.* In this case, the state argues that the failure to present a prior motion for modification bars any appellate review. Therefore, *Daniels* does not control this case.

Finally, we are persuaded that the discretionary reversal considerations of sec. 752.35, Stats., do not warrant our addressing Meyer's argument despite his failure to comply with the condition precedent.