STATE of Wisconsin, Plaintiff-Respondent,

v.

Kim BARKSDALE, Defendant-Appellant.†

Court of Appeals

*No. 90-1481-CR. Submitted on briefs December 4, 1990.—Decided January 15, 1991.*

. (Also reported in 466 N.W.2d 198.)

† Petition to review denied.

285

For the defendant-appellant the cause was submitted on the briefs of *Robert N. Meyeroff,* of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, with *Marguerite M. Moeller,* assistant attorney general, of Madison.

Before Moser, P.J., Sullivan and Fine, JJ.

SULLIVAN, J.   Kim Barksdale appeals from a judgment convicting him of first-degree reckless homicide while armed, party-to-a-crime, pursuant to secs. 940.02(1), 939.63(1)(a)2, and 939.05, Stats. Barksdale raises four issues on appeal:

(1)   Whether the trial court abused its discretion in admitting the testimony of a deceased witness that was received at an accomplice's trial;

(2)   Whether there was insufficient evidence to support the conviction;

(3)   Whether submission of instruction Wis J I—Criminal 172 regarding flight, escape, and concealment was a prejudicial abuse of discretion; and,

(4)   Whether Barksdale's twenty-five year sentence was excessive.

We affirm the judgment of conviction.

On July 7, 1989, Barksdale and his accomplice, Sean Allen, were looking for Linzie Dillon because he supposedly owed Barksdale money for drugs. Both Barksdale and Allen were carrying guns. Barksdale had an uzi-type gun under his coat, and Allen had a handgun. Eventually

they found Linzie, along with a few others, including the victim, W. C. Dillon. Dillon was shot and killed during a struggle ensuing from the attempted collection of the drug debt. Allen and Barksdale were both charged with first-degree reckless homicide as parties to the crime. They were tried separately.

Donald Odin was one of the others present who witnessed this incident. Odin was called as a witness by the state and testified at the Allen trial, held on September 11, 1989. Odin responded to questions by the state and to a cross-examination by Allen's attorney. On October 3, 1989, Odin was found dead.

The state moved to introduce Odin's testimony from the Allen trial into Barksdale's trial, held November 27, 1989, under exceptions in sec. 908.045, Stats., to the rule against the admission of hearsay. Over Barksdale's opposition, the court admitted Odin's testimony. The admission of this hearsay testimony is Barksdale's first issue on appeal.

██

The trial court's decision to admit hearsay under an exception rests within its sound discretion. *State v. Buelow,* 122 Wis. 2d 465, 476, 363 N.W.2d 255, 261 (Ct. App. 1984). This determination will not be reversed unless the court has abused its discretion or based its decision on an erroneous view of the law. *Id.*

The trial court based its decision to admit Odin's testimony on sec. 908.045, Stats., which states in part:

**908.045 Hearsay exceptions; declarant unavailable.** The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

(1) FORMER TESTIMONY. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in com-

pliance with law in the course of another proceeding, at the instance of or against a party with an opportunity to develop the testimony by direct, cross-, or redirect examination, with motive and interest similar to those of the party against whom now offered.

. . ..

(6) OTHER EXCEPTIONS. A statement not specifically covered by any of the foregoing exceptions but having comparable circumstantial guarantees of trustworthiness.[1]

Obviously, the court found there to be no issue as to Odin's unavailability. Next, the court considered whether Barksdale's right to confrontation was satisfied. Barksdale asserts that his rights to confrontation and cross-examination were not protected because Allen's motive and interest in cross-examining Odin were not similar to his own; therefore, Odin's testimony was inadmissible under sec. 908.045(1), Stats. We disagree.[2]

Barksdale argues that Allen's cross-examination attempted to focus the blame on Barksdale and minimize Allen's role in the incident. However, both Allen and Barksdale were charged as parties to the crime of

[1]The state argues alternatively that Odin's testimony is admissible under sec. 908.045(1) or (6), Stats. Because we find sufficient basis to admit the testimony under sec. 908.045(1), we do not address the applicability of sec. 908.045(6). *Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (appellate court need only address dispositive issues).

[2]Barksdale opposed the state's motion to admit Odin's testimony on the grounds that the evidence denied his due process right to confront witnesses. Throughout the record and on appeal, Barksdale fails to develop or support with any authority his constitutional confrontation argument. We will not address arguments unsupported by legal authority. *See State v. Shaffer,* 96 Wis. 2d 531, 545–46, 292 N.W.2d 370, 378 (Ct. App. 1980).

first-degree reckless homicide. It is immaterial which one fired the shot that killed Dillon, or whose weapon caused the death. Showing that Barksdale fired the shot would not absolve Allen. Because Barksdale's and Allen's interests as parties to the crime are similar, sec. 908.045(1) applies to Odin's earlier testimony in Allen's trial. Their interests need not be identical. Also, the trial court found the testimony to be reliable because of Odin's cross-examination under oath, which enhanced his reliability. Barksdale's rights were protected. The trial court did not abuse its discretion in admitting this testimony.

Barksdale's second argument challenges the sufficiency of the evidence to convict. The court instructed the jury on the three elements of first-degree reckless homicide:

> First, that the defendant or another who was aided and abetted by the defendant caused the death of W. C. Dillon. Second, that the death was caused by criminally reckless conduct. Third, that the circumstances of the conduct showed utter disregard for human life.

*See also* sec. 940.02(1), Stats.

The standard for reviewing the sufficiency of the evidence to support a conviction has been set forth by our supreme court as follows:

> [A]n appellate court may not substitute its judgment for that of the trier of fact unless the evidence, viewed most favorably to the state and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt. If any possibility exists that the trier of fact could have drawn the appropri-

289

ate inferences from the evidence adduced at trial to find the requisite guilt, an appellate court may not overturn a verdict even if it believes that the trier of fact should not have found guilt based on the evidence before it.

*State v. Poellinger,* 153 Wis. 2d 493, 507, 451 N.W.2d 752, 757–58 (1990).

Barksdale contends that because there were several explanations for what happened at the time of the shooting and whose gun killed Dillon, the evidence was insufficient to convict him of first-degree reckless homicide. The jury was not required to believe Barksdale's testimony that he put the safety on the uzi and never removed it. Barksdale admitted bringing the uzi into the apartment "to try and scare Lenzy [sic] for the money" that Linzie owed him for drugs. Linzie testified that the uzi was pointed at his own waist and Barksdale's waist when Dillon said he was hit. Another witness testified that the uzi wielded by Barksdale was pointed low at Dillon before Dillon was shot. Dillon was shot in the thigh/groin area, just below the belt line. Further, the gun was kept under Barksdale's coat so if he removed the safety, no one would have seen the action.

The jury could infer that the safety was not working, that Allen's gun killed Dillon, or that Barksdale removed the safety and lied when testifying. There is ample evidence to support a finding that Barksdale's conduct as party to a crime created an unreasonable and substantial risk of death or great bodily harm, and that Barksdale was aware of that risk. There is also support for the finding that Barksdale's conduct showed utter disregard for human life. We will not substitute our evaluation of the evidence for that of the jury. *See Poellinger,* 153 Wis. 2d at 507, 451 N.W.2d at 757–58.

The third issue on appeal is whether the trial court abused its discretion in giving the pattern jury instruction on flight, Wis J I—Criminal 172. Barksdale fails to cite any authority for his assertion that this instruction was prejudicial and an abuse of discretion. Accordingly, we decline to consider this issue. *State v. Shaffer,* 96 Wis. 2d 531, 545–46, 292 N.W.2d 370, 378 (Ct. App. 1980).

Finally, Barksdale argues that his twenty-five year sentence is excessive. Barksdale failed to file any motion in the trial court for reconsideration or modification. Such a motion is a prerequisite to appellate review of a sentence. *See State v. Meyer,* 150 Wis. 2d 603, 442 N.W.2d 483 (Ct. App. 1989).

*By the Court.*—Judgment affirmed.