STATE of Wisconsin, Plaintiff-Respondent,

v.

Donald MENTZEL, Defendant-Appellant.

Court of Appeals

*No. 97–1814. Submitted on briefs March 30, 1998.—Decided April 22, 1998.*

(Also reported in 581 N.W.2d 581.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Raymond M. Dall'Osto* of *Gimbel, Reilly, Guerin & Brown* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general and *Lara M. Herman,* assistant attorney general.

Before Snyder, P.J., Brown and Nettesheim, JJ.

NETTESHEIM, J. The issue on appeal is whether a defendant who is placed on straight probation with sentence withheld is "in custody under sentence of a court" for purposes of bringing a motion for postconviction relief under § 974.06(1), STATS. The trial court dismissed Donald Mentzel's motion for postconviction relief pursuant to § 974.06 for lack of subject matter jurisdiction because Mentzel was on straight probation with sentence withheld. We reverse the trial court's order dismissing Mentzel's motion.

## BACKGROUND

On May 12, 1994, Mentzel was convicted by a jury of intentionally "allow[ing] the continued use of a place as a place of prostitution" contrary to § 944.34, STATS. At the sentencing hearing, the trial court withheld sentence and placed Mentzel on probation for three years, ordering him to pay fines, costs, fees and surcharges in excess of $13,000. As a condition of probation, Mentzel was prohibited from engaging directly or indirectly in any adult entertainment business in the State of Wisconsin. Mentzel appealed his conviction to this court.

In a decision dated February 14, 1996, we affirmed the conviction. *See State v. Mentzel*, No. 94–2612-CR, unpublished slip op. (Wis. Ct. App. Feb. 14, 1996).

On December 27, 1996, Mentzel filed a motion for postconviction relief pursuant to § 974.06, STATS., which permits a person "in custody under sentence of a court" to challenge the validity of his or her conviction. Mentzel's motion was based on an affidavit of one of the State's witnesses in which she recanted the testimony she gave at trial. Mentzel argued that he was entitled to a new trial based on this newly-discovered evidence.

The trial court held a hearing on Mentzel's motion on April 21, 1997. At the commencement of the proceedings, the trial court sua sponte raised the issue of whether the court had subject matter jurisdiction to proceed under § 974.06, STATS., because Mentzel's sentence had been withheld and he was serving a term of straight probation. After some discussion, the parties and the court agreed to continue the hearing to a later date so that the matter could be researched.

On May 7, 1997, the parties reconvened. The trial court noted that it had received letters from both the State and Mentzel indicating their belief that the court had jurisdiction. The court disagreed with the position of the parties stating, "[T]he court is going to hold and find as a matter of law that since Mr. Mentzel is not under sentence of a court, that this court does not have subject matter jurisdiction to consider his 974.06 motion, and the court is, accordingly, going to dismiss the motion." Mentzel appeals.

## DISCUSSION

For purposes of its decision, the trial court assumed that Mentzel was "in custody" while on probation. Neither the State nor Mentzel disputes this

ruling.[1] Instead, the court focused its inquiry on whether Mentzel, whose sentence had been withheld, was "under sentence of a court." As they did in the trial court, on appeal both the State and Mentzel disagree with the court's reading of § 974.06(1), STATS. They both ask that we reverse the court's ruling.

Whether the trial court properly construed the language of § 974.06, STATS., presents a question of law which we review de novo. *See State v. Sostre*, 198 Wis. 2d 409, 414, 542 N.W.2d 774, 776 (1996). The primary goal of statutory construction is to ascertain the legislature's intent, and the first step in the process is to look to the plain language of the statute. *See id.* Where the import of that language is clear and unambiguous, we simply apply the statute to the facts of the case. *See Cary v. City of Madison*, 203 Wis. 2d 261, 264, 551 N.W.2d 596, 597 (Ct. App. 1996). However, if the language of the statute is ambiguous, we attempt to ascertain the legislature's intent by the scope, history, context, subject matter and object of the statute. *See P.A.K. v. State*, 119 Wis. 2d 871, 878, 350 N.W.2d 677, 681–82 (1984). A statute is ambiguous if reasonable persons could disagree as to its meaning. *See id.* at 878–79, 350 N.W.2d at 682.

Section 974.06(1), STATS., provides:

---

[1] The trial court's assumption is supported by § 973.10(1), STATS., which governs the control and supervision of probationers. That section states that the "[i]mposition of probation shall have the effect of placing the defendant in the custody of the department and shall subject the defendant to the control of the department under conditions set by the court and the rules and regulations established by the department for the supervision of probationers and parolees." *Id.*

After the time for appeal or postconviction remedy provided in s. 974.02 has expired, *a prisoner in custody under sentence of a court* or a person convicted and placed with a volunteers in probation program under s. 973.11 claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. [Emphasis added.]

As noted, the issue is whether Mentzel, whose sentence has been withheld and who is on probation, is a "prisoner in custody under sentence of a court" such that he may file a motion under the statute. Although the State and Mentzel disagree with the trial court's ruling, they both conclude that the phrase "in custody under sentence of a court" is ambiguous in the context of § 974.06, STATS.

We agree that the statute is ambiguous for two reasons. First, the very fact that a trial court may withhold a sentence suggests that a sentencing may not have occurred.[2] Thus, it is not clear from the language of the statute whether the phrase "under sentence of a court" means a sentence actually imposed by the court or whether it refers to the more generic sentencing process.

---

[2] We note, however, that BLACK'S LAW DICTIONARY 1362 (6TH ed. 1990), defines a "sentence" as "[t]he judgment formally pronounced by the court or judge upon the defendant after his conviction in a criminal prosecution, imposing the punishment to be inflicted, usually in the form of a fine, incarceration, *or probation*." (Emphasis added.)

Second, and more importantly, the case law is not uniform as to whether a probation disposition in a criminal case represents a sentence. In *Prue v. State*, 63 Wis. 2d 109, 114, 216 N.W.2d 43, 45 (1974), the supreme court held that probation is not a sentence for purposes of the "good time" statute, § 53.43, STATS., 1973–74. However, in *State v. Booth*, 142 Wis. 2d 232, 235, 418 N.W.2d 20, 21 (Ct. App. 1987), the court of appeals held that "the imposition of probation constitutes sentencing for purposes of determining which standard to apply to the consideration of a guilty plea withdrawal motion." More recently, in *State v. Thompson*, 208 Wis. 2d 253, 257–58, 559 N.W.2d 917, 918 (Ct. App. 1997), the court of appeals held that an imposed and stayed sentence accompanied by probation was a sentence to which a new sentence could be made consecutive.[3]

It is obvious from these cases that the meaning of the term "sentence" depends on the particular statute involved and the setting to which the statute applies. As the supreme court explained in *Prue*:

> While it is true that the word "sentence" or "sentencing" may be and often is used in a more general sense than we have concluded it is used in secs. 53.43 and 973.09, nevertheless, "sentence" is a legal term and should be given its legal meaning when used in the statutes and the law *unless there are*

---

[3] In a supplemental supporting decision following its original ruling, the trial court cited to *State v. Thompson*, 208 Wis. 2d 253, 559 N.W.2d 917 (Ct. App. 1997), stating, "[I]t seems clear that the Court of Appeals would not have reached the same result had the prior sentence been withheld and the defendant placed on probation because then the language in Sec. 973.15(2) to the effect that a sentence can be consecutive to 'any other sentence imposed' would not have been met."

*strong indications the term was used in a general sense.*

*Prue,* 63 Wis. 2d at 116, 216 N.W.2d at 46 (emphasis added). This same idea was conveyed by the Seventh Circuit Court of Appeals in *Napoles v. United States,* 536 F.2d 722 (7th Cir. 1976), where the court addressed the precise issue presented in this case. In doing so, the court acknowledged that it had held in a number of different contexts that probation is not a sentence. *See id.* at 725. However, the court added that "technical and terminological distinctions should be avoided" in determining whether probation is a sentence. *See id.* It agreed with the court's statement in *Smith v. United States,* 505 F.2d 893, 895 (5th Cir. 1974), that "[i]n determining whether probation is properly defined as a 'sentence', we avoid needless terminological distinctions of artificial origin; we focus on the reality of the probationary status." *See Napoles,* 536 F.2d at 725.

■ Because the precise meaning of the term "sentence" as used in § 974.06, STATS., is not defined by that statute and because case law has not addressed the meaning of the term in this context, we agree with the parties that the statute is ambiguous. As such, we are permitted to look beyond the plain language of the statute. *See P.A.K.,* 119 Wis. 2d at 878, 350 N.W.2d at 681–82.

We begin with the legislative history. Section 974.06, STATS., was created by Laws of 1969, ch. 255, § 63 and became effective July 1, 1970. The note following the proposed statute states: "This represents the first Wisconsin attempt at a comprehensive post-conviction statute which will afford an all encompassing remedy for defendants challenging their convictions." Legislative Council Note, 1969, § 974.06, STATS. The

effect of the trial court's literal interpretation of the term "sentence" in this case would be to exclude that category of probationers whose sentences have been withheld. Such an interpretation would run contrary to the intent of the legislature to create a "comprehensive" and "all encompassing" remedy for those defendants who wish to challenge their convictions. As *Prue* teaches, we are to give the term "sentence" a broader meaning when "there are strong indications the term was used in a general sense." *Prue*, 63 Wis. 2d at 116, 216 N.W.2d at 46.

Our interpretation is bolstered by a later amendment to the statute. This amendment allows persons placed in the volunteers in probation program to nonetheless pursue postconviction relief under § 974.06, STATS. *See* 1991 WIS. ACT 253 § 8, effective May 12, 1992. This amendment was enacted contemporaneously with the creation of § 973.11, STATS., which governs the volunteers in probation program. Subject to certain exceptions, § 973.11(1) gives a court the option of withholding sentence or a judgment of conviction and instead placing the offender in the program. If the prior statute did not embrace offenders on straight probation, it would not have been necessary for the legislature to recite in the amendment that volunteers in probation were entitled to pursue such relief. Moreover, were we to adopt the trial court's interpretation, probationers under a judgment of conviction would lack § 974.06 standing, but volunteers in probation under a withheld judgment of conviction would not. In our judgment, that would represent an unreasonable interpretation of the statute.[4]

---

[4] That interpretation might also raise constitutional questions of equal protection.

■

Next, we turn to federal law. The Legislative Council notes to § 974.06, STATS., indicate that the statute was "taken directly from Title 28, USC, s. 2255."[5] *See* Legislative Council Note, 1969, § 974.06, STATS. When seeking guidance as to the proper application of a state statute copied from federal law, we may look to federal cases. *See State v. Gudenschwager*, 191 Wis. 2d 431, 439, 529 N.W.2d 225, 228 (1995).

As we have previously noted, the court in *Napoles* considered the very issue before us under the equivalent federal statute. There the question was whether "suspending the imposition of a sentence and placing the defendant on probation is not a sentence." *Napoles*, 536 F.2d at 725. The court rejected technical and terminological distinctions of artificial origin when making this determination. *See id.* Instead, the court focused on the reality of the probationary status. *See id.* Using this approach, the court concluded that "probation is a sentence like any other sentence" and that probation is a sentence within the meaning of 28 U.S.C. § 2255. *See Napoles*, 536 F.2d at 725 (quoted source omitted).

■

We agree with the logic of *Napoles*. For purposes of § 974.06, STATS., the reality of a probationary status is that it results directly from the trial court's considera-

---

[5] 28 U.S.C. § 2255 provides in relevant part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

tion of dispositional alternatives at a sentencing hearing. Subject to any other bars, we conclude that all defendants on probation have standing to pursue post-conviction relief under § 974.06.

## CONCLUSION

We reverse the order dismissing Mentzel's motion for postconviction relief pursuant to § 974.06, STATS. We remand for further proceedings on the motion.

*By the Court.*—Order reversed and cause remanded.