STATE of Wisconsin, Plaintiff-Respondent,

v.

Bernard G. FEARING, Defendant-Appellant.

Court of Appeals

*No. 99–2849–CR. Submitted on briefs June 23, 2000.—Decided September 21, 2000.*

## 2000 WI App 229

(Also reported in 619 N.W.2d 115.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Patrick J. Stangl* of *Coaty & Stangl, S.C.*

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Stephen W. Kleinmaier*, assistant attorney general.

Before Dykman, P.J., Eich and Vergeront, JJ.

¶ 1.   VERGERONT, J.   Bernard Fearing appeals the judgment of conviction and sentence imposed after he entered a plea of no contest to delivery of tetrahydrocannabinol, THC, contrary to WIS. STAT. § 961.41(1)(h)1 (1997–98).[1] The court withheld sentence and placed Fearing on probation for a period not to exceed thirty months with a number of conditions, one of which was that he serve six months in the county jail with work release privileges but without good time. The court then stayed three months of that six month period of confinement and stated that the three months stayed "[could] be imposed at the discretion of [Fearing's] agent, if he or she deems it appropriate."[2]

¶ 2.   Fearing contends on appeal that the trial court did not have the statutory authority to order the term of jail confinement to be served without good time nor the authority to authorize the probation agent to impose the stayed three-months jail time at his or her discretion. We conclude Fearing was not entitled to good time during the term of jail confinement imposed as a condition of probation, and, therefore, the court did not err in directing that he receive no good time. However, we agree with Fearing that the court does not have the statutory authority to delegate to the probation agent the discretion to impose the three months of jail time that the court stayed. We therefore affirm in part, reverse in part, and remand.

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

[2] The start date for serving the term of jail confinement was stayed by the trial court pending this appeal.

## DISCUSSION

*Waiver*

¶ 3. We address first the State's argument that Fearing was required to bring a motion in the trial court to modify the conditions of probation on the grounds he now asserts on appeal, and that his failure to do so should result in a dismissal. The State contends case law establishes that, in order to obtain review of a sentence as a matter of right, a defendant must first move for modification in the trial court. The State acknowledges that generally probation is not considered a sentence, but rather an alternative to sentencing. *See State v. Horn*, 226 Wis. 2d 637, 647, 594 N.W.2d 772 (1999). However, the State contends, because both a sentence and probation are possible dispositions imposed by a trial court after a criminal conviction, the same policy applies in both situations: the trial court should have the opportunity to correct errors before the issue is raised on appeal.

¶ 4. The first of the cases the State cites, *Sears v. State*, 94 Wis. 2d 128, 140, 287 N.W.2d 785 (1980), is based on the court-established rule that in order to obtain review of a sentence, the defendant must first bring a motion in the trial court absent compelling circumstances.[3] The other cases the State cites are

[3] In *Hayes v. State*, 46 Wis. 2d 93, 101, 175 N.W.2d 625 (1970), *overruled on other grounds*, the court adopted the rule that a trial court had the power to change or modify a sentence after the execution of the judgment had commenced and the term ended. It imposed the same time limit for bringing a motion to modify a sentence as the statutory time limit for a postconviction motion for a new trial—one year from the date of sentencing; but, because the criminal code changed beginning July 1, 1970, the time limit was changed to ninety days. *See id.*

based on WIS. STAT. § 973.19, enacted by S. CT. ORDER, 123 Wis. 2d XIV (1986). *See State v. Meyer*, 150 Wis. 2d 603, 605–09, 442 N.W.2d 483 (Ct. App. 1989); *State v. Barksdale*, 160 Wis. 2d 284, 291, 466 N.W.2d 198 (Ct. App. 1991), *review denied; State v. Norwood*, 161 Wis. 2d 676, 680–81, 468 N.W.2d 741 (Ct. App. 1991), *review denied*; and *State v. Chambers*, 173 Wis. 2d 237, 261, 496 N.W.2d 191 (Ct. App. 1992). Section § 973.19 provides:

> Motion to modify sentence. (1)(a) A person sentenced to imprisonment or the intensive sanctions program or ordered to pay a fine who has not requested the preparation of transcripts under s. 809.30 (2) may, within 90 days after the sentence or order is entered, move the court to modify the sentence or the amount of the fine.
>
> (b) A person who has requested transcripts under s. 809.30 (2) may move for modification of a sentence or fine under s. 809.30 (2) (h).
>
> (2) Within 90 days after a motion under sub. (1) (a) is filed, the court shall enter an order either determining the motion or extending the time for doing so by not more than 90 days for cause.
>
> (3) If an order determining a motion under sub. (1) (a) is not entered timely under sub. (2), the motion shall be considered denied and the clerk of the court shall immediately enter an order denying the motion.

at 106. In *Farley v. State*, 50 Wis. 2d 113, 115, 183 N.W.2d 33 (1971), the court held that the postconviction motion to modify a sentence permitted under *Hayes* was a requirement for appellate review of a sentence, absent compelling circumstances. *Hayes* and *Farley* were relied on in *Gaddis v. State*, 63 Wis. 2d 120, 129, 216 N.W.2d 527 (1974), which, in turn, was relied on by the court in *Sears v. State*, 94 Wis. 2d 128, 140, 287 N.W.2d 785 (1980).

(4) An appeal from an order determining a motion under sub. (1) (a) is governed by the procedure for civil appeals.

(5) By filing a motion under sub. (1) (a) the defendant waives his or her right to file an appeal or postconviction motion under s. 809.30 (2).

This statute sets out two alternative means to challenge a sentence, both requiring that a motion first be brought in the trial court. *See Norwood,* 161 Wis. 2d at 681.

¶ 5. Fearing responds that WIS. STAT. § 973.19 by its terms does not apply to his challenge because he has not been "sentenced to imprisonment or the intensive sanctions program." Section 973.19(1)(a). He also contends this court may elect to decide this appeal even if he has waived his right to review, and he urges us to do so.

¶ 6. As the State recognizes, generally probation is not considered a sentence, and the imposition of incarceration as a condition of probation is likewise not a sentence. *See Horn,* 226 Wis. 2d at 647; *Prue v. State,* 63 Wis. 2d 109, 114, 216 N.W.2d 43 (1974). While "sentence" may also be used in a more general sense, to include probation, it "is a legal term and should be given its legal meaning when used in the statutes and the law unless there are strong indications the term was used in a general sense." *Prue,* 63 Wis. 2d at 116. *See also State v. Mentzel,* 218 Wis. 2d 734, 740, 581 N.W.2d 581 (Ct. App. 1998) (meaning of the term "sentence" depends on the particular statute involved and the setting to which the statute applies). Beyond citing cases applying WIS. STAT. § 973.19, all of which appear to involve sentences as a term of imprisonment, the State does not develop the argument that this statute

applies when the challenge concerns jail confinement ordered as a condition of probation when no sentence has been imposed. Because the State has not developed the argument that the legislature intended a person "sentenced to imprisonment" under § 973.19 to include a person confined to jail as a condition of probation when no sentence has been imposed, we do not further consider this statute as a ground for the State's waiver argument.

¶ 7.  Even if we assume, without deciding, that the court-established rule applied in *Sears* on which the State also appears to rely is sufficiently broad to encompass challenges to jail confinement imposed as a condition of probation, the rule has an exception for "compelling circumstance." *Sears*, 94 Wis. 2d at 140. We conclude there are compelling reasons to review Fearing's challenge to the court's order regarding jail confinement as a condition of probation. Both issues he raises are legal issues and do not depend on disputed facts or on the trial court's exercise of its discretion, both raise significant questions on the scope of the authority of the trial court in imposing jail confinement as a condition of probation. Most importantly, as we explain more fully below, we are persuaded that the trial court erred in delegating to the probation agent the discretion to determine the length of the term of jail confinement.[4]

*Good Time*

¶ 8.  Fearing contends that under WIS. STAT. § 302.43 he is entitled to earn good time while confined

[4] We confine our discussion on waiver to the cases and statutes relied on by the State in its argument.

in jail as a condition of probation. Section 302.43 provides:

> Good time. Every inmate of a county jail is eligible to earn good time in the amount of one-fourth of his or her term for good behavior if sentenced to at least 4 days, but fractions of a day shall be ignored. An inmate shall be given credit for time served prior to sentencing under s. 973.155, including good time under s. 973.155 (4). An inmate who violates any law or any regulation of the jail, or neglects or refuses to perform any duty lawfully required of him or her, may be deprived by the sheriff of good time under this section, except that the sheriff shall not deprive the inmate of more than 2 days good time for any one offense without the approval of the court. An inmate who files an action or special proceeding, including a petition for a common law writ of certiorari, to which s. 807.15 applies shall be deprived of the number of days of good time specified in the court order prepared under s. 807.15 (3).

WISCONSIN STAT. § 973.155(1)(a) addresses sentence credit for "actual days spent in custody" and includes credit while the offender is awaiting trial, being tried, and awaiting imposition of sentence after trial. Section 973.155(4) provides:

> (4) The credit provided in sub. (1) shall include earned good time for those inmates subject to s. 302.43, 303.07 (3) or 303.19 (3) serving sentences of one year or less and confined in a county jail, house of correction or county reforestation camp.

¶ 9. According to Fearing, since these statutes entitle him to earn good time while confined in the county jail, and since no statute authorizes the court to

deprive him of the statutory right to earn good time, the court erred in doing so.

¶ 10. We disagree with the premise of Fearing's argument—that WIS. STAT. §§ 302.43 and 973.155 entitle an offender to earn good time for jail confinement imposed as a condition of probation. In *Prue*, 63 Wis. 2d at 112, the court interpreted the predecessor to § 302.43, WIS. STAT. § 53.43 (1973), as not applying to persons confined in jail as a condition of probation.[5] The court first considered WIS. STAT. § 973.09(1) (1973) authorizing the court to place a convicted defendant on probation for a stated period after either withholding or imposing sentence and staying its execution, and § 973.09(4) (1973) authorizing the court to require "as a condition of probation that the probationer be confined . . . during such . . . term of probation as the court specifies, but not to exceed one year." *Prue*, 63 Wis. 2d at 112–13. The court observed that § 973.09(4) (1973) did not use the term "sentenced" but rather "confined"; that § 973.09(1) (1973) made clear distinctions between a sentence and probation; and that § 973.09(4) (1973) did not mention good time or refer to § 53.43 (1973). *See Prue*, 63 Wis. 2d at 112–14. The court also considered the legislative history of § 53.43 (1973) and policy arguments.[6] *See id.* at 113–14.

---

[5] In *Prue v. State*, 63 Wis. 2d 109, 110–11, 216 N.W.2d 43 (1974), the defendant was sentenced to two years in prison, execution of that sentence was stayed and he was placed on probation for one year with the condition he would spend the first six months in the county reforestation camp. Under WIS. STAT. § 56.07(9) (1973), persons "sentenced to such camp for less than one year or in lieu of a county jail sentence shall be subject to the same diminution of time as is provided in s. 53.43."

[6] The court observed that a court has the authority to order good time when it imposes confinement in jail as a condition of

113

¶ 11.  Fearing attempts to distinguish *Prue* based on this statement: "Probation is an alternative to a sentence; and the fact that a condition of confinement in the county jail is similar to the confinement of a sentence under the Huber law does not make a probation a sentence." *Id.* at 114. Fearing suggests that because he, unlike the defendant in *Prue*, has Huber privileges during his confinement in jail, the distinction the court in *Prue* made between being sentenced to jail and being confined to jail as a condition of probation is no longer applicable. We reject this argument because the *Prue* court did not base the distinction on the lack of Huber privileges at that time for defendants confined to jail as a condition of probation,[7] but on the statutory analysis we have recounted above.

¶ 12.  Fearing also points to cases decided after *Prue* holding that the imposition of probation constitutes the imposition of a sentence in certain other contexts. *See State v. Booth*, 142 Wis. 2d 232, 235, 418 N.W.2d 20 (Ct. App. 1987) (imposition of probation constitutes sentencing for purposes of determining which standard to apply to consideration of guilty plea withdrawal motion); *State v. Thompson*, 208 Wis. 2d 253, 254, 559 N.W.2d 917 (Ct. App. 1997) (under WIS. STAT. § 973.15(2) imposed and stayed sentence accompanied by probation is sentence to which new sentence could be made consecutive); *State v. Mentzel*, 218 Wis. 2d 734, 743–44, 581 N.W.2d 581 (Ct. App. 1998) (defen-

probation, and that it may change the terms of probation under WIS. STAT. § 973.09(3) (1973). *See Prue*, 63 Wis. 2d at 114. This flexibility, the court stated, was important in order that probation be an effective tool for rehabilitation. *See id.*

[7] WISCONSIN STAT. § 973.09(4) (1973) has since been amended to authorize the court to grant Huber privileges. Section 973.09(4) (1997–98).

dant placed on probation, with court withholding a sentence, is "in custody under sentence of a court" within the meaning of WIS. STAT. § 974.06(1)). However, each of these cases concern legal standards or statutes that were not involved in *Prue* and are not involved in this case. They therefore are simply examples of the *Prue* court's statement that the particular statutory language must be examined to determine what meaning the legislature intended the term "sentence" to have, and of our statement in *Mentzel* that "the meaning of the term 'sentence' depends on the particular statute involved and the setting to which the statute applies." *Mentzel*, 218 Wis. 2d at 740.

¶ 13.   We conclude that *Prue* controls the issue of good time here. There has been no change in the language of WIS. STAT. § 973.09(1) and (4) that the court relied on in its analysis. Although WIS. STAT. § 53.43 (1973) has been renumbered to WIS. STAT. § 302.43, the pertinent language is the same. The legislature has chosen not to alter the language in § 53.43 (1973) after the *Prue* court construed it as not applying to a person confined to jail as a condition of probation, but instead has carried it forward in § 302.43. *See Roberta Jo W. v. Leroy W.*, 218 Wis. 2d 225, 233, 578 N.W.2d 185 (1998) (legislature's failure to modify statutory language after court's construction is an indication of legislative approval of the construction).

*Length of Jail Confinement*

¶ 14.   Fearing contends there is no statutory authority for the Department of Corrections (DOC) to decide the length of his jail confinement as a condition of probation, and that it would be a violation of the separation of powers doctrine were DOC to do so. We

agree with Fearing on his statutory argument and therefore do not address the separation of powers issue.

¶ 15. The roles of the court and of DOC with respect to probation are specifically prescribed by statute. As we have already mentioned, WIS. STAT. § 973.09(1)(a) authorizes the court to order probation as a disposition after a criminal conviction and to impose conditions of probation:

> (1)(a) Except as provided in par. (c) or if probation is prohibited for a particular offense by statute, if a person is convicted of a crime, the court, by order, may withhold sentence or impose sentence under s. 973.15 and stay its execution, and in either case place the person on probation to the department for a stated period, stating in the order the reasons therefor. The court may impose any conditions which appear to be reasonable and appropriate.

Under § 973.09(4), the court is authorized to require jail confinement as a condition of probation, to grant certain privileges during that confinement, and to delegate specific decisions to the sheriff:

> (4) The court may also require as a condition of probation that the probationer be confined during such period of the term of probation as the court prescribes, but not to exceed one year. The court may grant the privilege of leaving the county jail, Huber facility, work camp or tribal jail during the hours or periods of employment or other activity under s. 303.08 (1) (a) to (e) while confined under this subsection. The court may specify the necessary and reasonable hours or periods during which the probationer may leave the jail, Huber facility,

work camp or tribal jail or the court may delegate that authority to the sheriff.

In addition, the court is given the authority to "extend probation for a stated period or modify the terms and conditions thereof," prior to the expiration of the probation period, "for cause and by order." Section 973.09(3).

¶ 16. Once the court imposes probation, the defendant is in the custody of the DOC and is "subject . . . to the control of the department under conditions set by the court and rules and regulations established by the department for the supervision of probationers, parolees and persons on extended supervision." WIS. STAT. § 973.10(1). DOC is also authorized to order a probationer to perform community service, in certain prescribed circumstances, *see* WIS. STAT. § 973.09(7m), and to initiate a proceeding before the Division of Hearings and Appeals to revoke probation if a probationer violates the conditions of probation. *See* § 973.10(2).

¶ 17. Nowhere in this statutory scheme is DOC given the authority to impose or modify a condition of probation, nor, more specifically, is it given the authority to decide to impose jail confinement as a condition of probation or the length of that confinement. Rather, the confinement in jail is for "such period . . . *as the court prescribes,* but not to exceed one year." WIS. STAT. § 973.09(4) (emphasis added).

¶ 18. The State contends that the court has broad authority to impose any condition of probation that "appear[s] to be reasonable and appropriate," WIS. STAT. § 973.09(1), and that authorizing the probation agent to determine whether Fearing will be confined in jail for a second three-month period is a reasonable and appropriate condition. However, the State cites no cases upholding the court's authority to delegate to DOC the authority to impose conditions of probation.

117

Moreover, under the State's reasoning, the court has the authority to delegate to the probation agent any decision that the court has the statutory authority to make, which would include whether to impose jail confinement at all as a condition of probation. This is inconsistent with the detailed delineation of the powers of the court and the powers of DOC regarding probation.

¶ 19. Contrary to the State's assertion, DOC's authority to administer probation is not the same as the authority to impose conditions of probation. Indeed, WIS. STAT. § 973.10(1) specifically states that once probation is imposed by the court, the defendant is subject to the control of DOC "under *conditions set by the court* and rules and regulations established by the department. . . ." (Emphasis added.) *Horn* does not suggest otherwise, as the State contends.

¶ 20. In *Horn*, the court held that DOC's power to initiate probation revocation in an administrative proceeding was not unconstitutional as a violation of the separation of powers, after first concluding that probation and probation revocation are within shared powers and that administrative revocation does not unduly burden or substantially interfere with the judiciary's function to impose a criminal disposition. *See Horn*, 226 Wis. 2d at 648–50. While the issue decided in *Horn* was one of constitutional doctrine and not statutory interpretation, the court's discussion of the roles of the three branches of government with respect to probation has some bearing on this case. In summarizing the judicial role with respect to probation, the court stated: "In fact, like sentencing, the legislature has specifically granted the judiciary the authority to impose probation as an alternative to sentencing. Without such statutory authority, a court could not

place a defendant on probation." *Id.* at 648 (citations omitted). In deciding that probation and probation revocation were within shared powers, the court stated, "[l]ike sentencing, the legislature has constitutional authority to offer probation as an alternative to sentencing, the judiciary has authority to impose probation, and the executive branch has the authority to administer probation." *Id.* Throughout the decision, the judiciary's function is described as "imposing criminal penalties." *See, e.g., id.* at 650.

¶ 21.  Nothing in *Horn* suggests that any branch other than the judiciary has the statutory authority to impose criminal penalties, including probation. And *Horn* emphasizes the statutory source of the judiciary's authority to impose probation. Certainly, conditions of probation, and, most certainly, the condition of jail confinement and the length of that confinement, are a component of the criminal penalty of probation. The legislature has given authority to the judiciary to impose those conditions and it has not given that authority to DOC.

¶ 22.  We conclude that the trial court exceeded its statutory authority in authorizing the probation agent to decide whether to require Fearing to serve the stayed three months in jail as a condition of probation, after serving the first three months. We therefore reverse this portion of the court's disposition and remand for further proceedings consistent with this decision.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded.