**Dennis CHRISTENSEN,
Plaintiff–Appellant,**

v.

**Randy STAMMEN, Defendant–
Appellee.**

No. 04–2538.

United States Court of Appeals,
Seventh Circuit.

submitted on the briefs and the record. *See*
Fed. R.App. P. 34(a)(2).

Submitted Jan. 13, 2005.*

Decided Jan. 14, 2005.

Dennis Christensen, Baraboo, WI, pro se.

Chad A. Hendee, Office of the Corporation Counsel, Baraboo, WI, for Defendant–Appellee.

Before Hon. FRANK H. EASTERBROOK, Hon. KENNETH F. RIPPLE, and Hon. DIANE S. SYKES, Circuit Judges.

## ORDER

Having pleaded no contest in Wisconsin state court to a charge of drunk driving, Dennis Christensen was given a five-year term of probation, with a condition that he spend nine months in the Sauk County Jail. *See* Wis. Stat. § 973.09(4)(a); *Prue v. State*, 63 Wis.2d 109, 216 N.W.2d 43, 44–45 (1974). The court specified that Christensen would accrue no good-time credit during those nine months.

While in jail, Christensen filed this lawsuit under 42 U.S.C. § 1983 against the Sauk County Sheriff. Christensen alleged that his inability to receive good-time credit denied him due process. The defendant moved for summary judgment, which the district court granted. The court noted that because Christensen was challenging the duration of his prison term, the proper way for him to proceed was to petition for a writ of habeas corpus after exhausting state remedies. The court therefore dismissed the complaint without prejudice.

On appeal, Christensen continues to argue the merits of his due-process claim,

but he does not address the district court's reason for dismissing his case: a § 1983 lawsuit cannot be used in place of a petition for habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001). Christensen was challenging the duration of his confinement, and the district court properly dismissed the complaint.

AFFIRMED.