STATE of Wisconsin EX REL. Vonnie D. DARBY,
Petitioner-Appellant,†

v.

Jon LITSCHER, Secretary, Department of Correc-
tions, and Kenneth Morgan, Warden, Racine Cor-
rectional Institution, Respondents-Respondents.

Court of Appeals

*No. 02–1018. Submitted on briefs August 21, 2002.—Decided
September 25, 2002.*

2002 WI App 258

(Also reported in 653 N.W.2d 160.)

† Petition to review denied 12-10-02.

On behalf of the petitioner-appellant, the cause was submitted on the brief of *Vonnie D. Darby*, pro se.

On behalf of the respondents-respondents, the cause was submitted on the brief of *Eileen W. Pray*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Nettesheim, P.J., Brown and Anderson, JJ.

¶ 1. ANDERSON, J. Vonnie D. Darby appeals pro se from a trial court order quashing his writ of habeas corpus. He claims that the Department of Corrections (DOC) erred in its computation of his confinement time by failing to give him good time credit pursuant to Wis. Stat. §§ 302.43[1] and 303.19(3)

---

[1] Wisconsin Stat. § 302.43 provides:

**Good time.** Every inmate of a county jail is eligible to earn good time in the amount of one-fourth of his or her term for good behavior if sentenced to at least 4 days, but fractions of a day shall be ignored. An inmate shall be given credit for time served prior to sentencing under s. 973.155, including good time under s. 973.155(4). An inmate who violates any law or any regulation of the jail, or neglects or refuses to perform any duty lawfully

(1999–2000)[2] for his misdemeanor convictions. He contends that due to this miscalculation, he is being illegally incarcerated because he had a right to be released from his misdemeanor sentences without being subject to parole supervision or reincarceration for parole violations. We disagree and affirm the order quashing the writ.

¶ 2. The relevant facts are undisputed. Prior to April 19, 1993, Darby was serving time in the Wisconsin state prisons. On April 19, 1993, Darby was sentenced to the state prisons for five counts of misdemeanor theft in violation of WIS. STAT. § 943.20(1)(a), all to run consecutively and consecutive to the sentence he was

---

required of him or her, may be deprived by the sheriff of good time under this section, except that the sheriff shall not deprive theinmate of more than 2 days good time for any one offense without the approval of the court. An inmate who files an action or special proceeding, including a petition for a common law writ of certiorari, to which s. 807.15 applies shall be deprived of the number of days of good time specified in the court order prepared under s. 807.15(3).

All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[2] WISCONSIN STAT. § 303.19(3) provides:

**Employment of prisoners; time credits, earnings and rewards . . . .**

. . . .

**(3)** The superintendent shall keep a true record of the conduct of each prisoner, specifying each infraction of the rules of discipline; and at the end of each month shall give a certificate of good conduct to each prisoner against whom no such infraction is recorded, subject to annulment by the department for subsequent misconduct. Upon each such certificate issued to any such prisoner serving sentence for a misdemeanor the prisoner may be credited, at the discretion of the superintendent, with a diminution of the sentence not exceeding 5 days. Each such prisoner serving sentence for a felony shall receive time credits as provided in s. 302.11.

already serving. This sentence was enhanced pursuant to WIS. STAT. § 939.62(1)(a) and (2), which governs habitual criminal sentencing.

¶ 3. In 1998, we held that the enhanced sentence was void as a matter of law because the State did not prove Darby's prior convictions or have him admit to them as is required under WIS. STAT. § 973.12(1). *State v. Darby*, No. 97–2095, unpublished slip op. (Wis. Ct. App. April 8, 1998). We commuted Darby's sentence to the maximum permitted on five misdemeanor convictions of theft and ordered that the trial court amend the judgment of conviction on remand. *Id.*

¶ 4. Additionally, in 1993, 1996, and 1997, Darby accumulated other misdemeanor convictions. And, in 1997, he was sentenced to the state prisons for two additional felony convictions.

¶ 5. On May 16, 2000, the DOC released Darby on his mandatory release date pursuant to WIS. STAT. § 302.11.[3] On November 10, 2000, Darby was reincarcerated for violation of parole. The DOC determined that Darby's amount of time available for reincarceration, calculated from his felony and misdemeanor convictions, was two years, six months and eleven days. The DOC noted the serious nature of Darby's parole violation (a battery charge) and recommended that he serve 100% of the available time for

---

[3] WISCONSIN STAT. § 302.11 provides in relevant part:

**Mandatory release**. The warden or superintendent shall keep a record of the conduct of each inmate, specifying each infraction of the rules. Except as provided in subs. (1g), (1m), (1q), (1z), (7) and (10), each inmate is entitled to mandatory release on parole by the department. The mandatory release date is established at two-thirds of the sentence. Any calculations under this subsection or sub. (1q)(b) or (2)(b) resulting in fractions of a day shall be rounded in the inmate's favor to a whole day.

reincarceration. The administrative law judge ordered that Darby's parole supervision be revoked with regard to his misdemeanor and felony sentences that had available time for reincarceration.[4]

¶ 6. On June 3, 2002, Darby filed a petition for writ of habeas corpus in the trial court claiming he was being illegally incarcerated. The State filed a motion to quash Darby's writ; the trial court granted the State's motion. Darby appeals.

¶ 7. This matter requires the interpretation of statutory law. The interpretation and application of a statute to undisputed facts presents a question of law subject to our de novo review. *State v. Setagord*, 211 Wis. 2d 397, 405–06, 565 N.W.2d 506 (1997). The purpose of statutory interpretation is to discern the intent of the legislature. *Id.* at 406. To do so, we first consider the language of the statute. *Id.* If the language of the statute clearly and unambiguously sets forth the legislative intent, we apply that to the case at hand and do not look beyond the statutory language to ascertain its meaning. *Id.*

¶ 8. On appeal, Darby renews his challenge to his incarceration. First, Darby seems to suggest that a clerical error caused the trial court to sentence him illegally to the wrong location. He claims that in the

---

[4] We assume that the administrative law judge followed the recommendation of the DOC and revoked Darby's parole for 100% of the available time for each of his convictions. The complete record of Darby's revocation proceedings is not a part of the appellate record. As the appellant, Darby is responsible for ensuring that the record is complete on appeal; when the record is incomplete, this court must assume that the missing material supports the trial court's ruling. *See Fiumefreddo v. McLean*, 174 Wis. 2d 10, 26–27, 496 N.W.2d 226 (Ct. App. 1993).

amended judgment of conviction (discussed above), "the Ozaukee Co. circuit court clerk, (using Darby's original judgment of conviction as a gilde [sic]) incorrectly and without legal authority, put Waupun prison as the location for the petitioner to be delivered to." From this argument, we infer that Darby is claiming that *but for* the circuit court clerk "incorrectly and without legal authority" putting "Waupun" as the location for his confinement, he would be a free man because the clerk was supposed to put down a county jail as the location for his confinement. We are not persuaded.

¶ 9. Initially we note that there is no indication in the record that Darby challenged his amended judgment of conviction on this basis. Furthermore, at the time the trial court entered the amended judgment of conviction, Darby was serving a sentence greater than one year in the Wisconsin state prisons for his 1997 felony convictions. WISCONSIN STAT. § 973.03(2) requires:

> A defendant sentenced to the Wisconsin state prisons and to a county jail or house of correction for separate crimes shall serve all sentences whether concurrent or consecutive in the state prisons.

Thus, Darby was required to serve all sentences in the state prisons. Moreover, the amended judgment of conviction contains the signature of the trial court directly below the order directing that Darby be delivered into the custody of the DOC located in the city of Waupun. Under § 973.03(2), there was not a clerical error, nor was there a judicial error.

¶ 10. Next, Darby contends that the DOC erred in its computation of his release date on his misdemeanor sentences and that he had a right to be released from

his misdemeanor sentences without being subject to parole supervision or reincarceration for parole violations. The substance of Darby's argument is that the DOC applied the wrong statutes to his case. We disagree.

¶ 11. The State correctly argues that this case is controlled by WIS. STAT. § 302.11, which governs mandatory release on parole and revocation of parole for inmates of the Wisconsin state prisons.[5] The provisions of § 302.11 are not limited to inmates who are felons. *Id.* The provisions of § 302.11 do not exclude inmates who are serving part of their sentence for misdemeanor offenses. *See id.* Thus, we agree with the State that the provisions of § 302.11, including § 302.11(7)(a), are applicable to Darby, who was an inmate of the Wisconsin state prisons.

¶ 12. WISCONSIN STAT. § 302.11(1) provides that an inmate's mandatory release date is established at two-

---

[5] In the alternative, the State argues that Darby has waived his right to appeal because the appropriate avenue for him to have challenged the DOC's jurisdiction for revoking his parole on his misdemeanor sentences was through a petition for writ of certiorari filed within forty-five days of the final decision revoking parole. *See* WIS. STAT. § 893.735. Darby did not file a writ of certiorari.

We acknowledge that matters relating to revocation of parole are reviewed by a petition for a writ of certiorari, *see* WIS. STAT. § 893.735. Additionally, we note that the time limit for filing a writ of certiorari is forty-five days from the date of the revocation decision. *Id.* We also recognize that the record does not indicate that Darby objected to the DOC's jurisdiction at his revocation hearing.

Despite the State's credible waiver argument, we choose to address the issue on the merits. *See Waukesha County v. Pewaukee Marina, Inc.,* 187 Wis. 2d 18, 22, 522 N.W.2d 536 (Ct. App. 1994) (waiver is an administrative rule).

278

thirds of the inmate's sentence. Section 302.11(3) instructs that all consecutive sentences shall be computed as one sentence. Section 302.11(6) states that an inmate released on parole through mandatory release is subject to all conditions and rules of parole until the expiration of his or her sentence or until discharged by the DOC. Finally, § 302.11(7) provides that when a parolee is revoked, the parolee may be returned to prison for up to the length of the remainder of his or her sentence, which is: "the entire sentence less time served in custody prior to parole." Sec. 302.11(7)(a).

¶ 13. WISCONSIN STAT. § 302.11(7)(a) does not distinguish between the portion of an original sentence for felony offenses and the portion of an original sentence for misdemeanor offenses. We previously acknowledged this lack of distinction in *Ashford v. Division of Hearings & Appeals*, 177 Wis. 2d 34, 42, 501 N.W.2d 824 (Ct. App. 1993). In *Ashford* we noted:

> The remainder of the sentence is equal to the total sentence minus the time spent in custody prior to parole . . . . If consecutive sentences are computed as one continuous sentence, the remainder of the sentence referred to in sec. 302.11(7)(a) must be the remainder of the *aggregate sentence.* (Emphasis added.)

Thus, the remainder of the aggregate sentence necessarily includes remainders from all offenses, whether felony or misdemeanor. Certainly the legislature did not intend to require the DOC to separately administer good time depending upon the classification of the crimes; this would be an administrative debacle. Instead, we conclude that a prisoner is subject to the statutes and administrative rules that govern the facility in which he or she is incarcerated. The place of the confinement, rather than the nature of the underlying conviction, controls the question of good time.

¶ 14. From our holding, it follows that Darby cannot rely upon Wis. Stat. § 302.43 to succeed on appeal because it applies to "[e]very inmate of a county jail." Darby was not an inmate of a county jail at the time he was sentenced in these matters; Darby was a prisoner in the state prisons. Section 302.43 is clear on its face and applies to only inmates of a county jail. The same logic applies to Darby's reliance on Wis. Stat. § 303.19(3). Section 303.19(3) applies only to inmates of a house of corrections. Darby was not an inmate of a house of corrections.

¶ 15. Finally, we address the constitutional issues raised by Darby. His cruel and unusual punishment argument was inadequately briefed. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (an appellate court can decline to address issues "inadequately briefed"); *State v. Waste Mgmt. of Wis., Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) ("An appellate court is not a performing bear, required to dance to each and every tune played on appeal."). As to his equal protection claim, the distinction of his treatment versus the treatment of a conventional misdemeanant held in a county jail or a house of corrections is a rational distinction because Darby is a more aggravated kind of offender. Moreover, mere inequity, standing alone, cannot serve as the basis for an equal protection complaint. *State v. Lindsey*, 203 Wis. 2d 423, 433–34, 554 N.W.2d 215 (Ct. App. 1996).

¶ 16. The trial court did not err in quashing Darby's writ of habeas corpus; his incarceration is entirely legal.

*By the Court.*—Order affirmed.