STATE of Wisconsin EX REL. Christopher W. BAADE, Petitioner-Respondent,†

v.

Brian HAYES, Administrator, Division of Hearings and Appeals, Respondent-Appellant.

Court of Appeals

*No. 2014AP2655. Submitted on briefs June 11, 2015.*
*—Decided August 26, 2015.*

2015 WI App 71

(Also reported in 870 N.W.2d 478.)

† Petition for Review filed.

174

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Brian P. Keenan*, assistant attorney general and *Brad D. Schimel*, attorney general.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *John J. Grau* of *Grau Law Office*, Waukesha.

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

¶ 1. REILLY, P.J. Christopher Baade earned ninety days of "good time" while serving one year in the county jail as a condition of probation on a stayed prison sentence. Baade's probation was revoked, and he began his prison sentence of two years of initial confinement to be followed by two years of extended supervision. Baade successfully argued to the circuit court that he should receive a full year of sentence credit as he "earned" one year as a result of the "good time" he accumulated. We reverse. "Good time" earned

while on probation of a stayed sentence of more than one year is not eligible for sentence credit in the event probation is revoked.

## BACKGROUND

¶ 2. Baade was convicted and received a four-year prison sentence[1]; however, the court stayed the prison sentence and placed Baade on probation for three years with the condition that Baade serve one year in the county jail. Following his release from jail, Baade failed to comply with the rules of probation, his probation was revoked, and he was sent to prison. The Division of Hearings and Appeals awarded Baade nine months of sentence credit against his two years of confinement time. Baade argued in a petition for certiorari to the circuit court that he was entitled to the three months of "good time" he earned while on probation as sentence credit. The circuit court agreed with Baade. The Division appeals.

## STANDARD OF REVIEW

¶ 3. This appeal requires us to interpret the statutes regarding good time and sentence credit. We apply de novo review to this question of statutory construction. *State v. Harris*, 2011 WI App 130, ¶ 6, 337 Wis. 2d 222, 805 N.W.2d 386.

## DISCUSSION

¶ 4. The Division argues that Baade is not entitled to sentence credit for the good time earned while on probation as under Wisconsin's truth-in-sentencing

---

[1] Two years' initial confinement followed by two years' extended supervision.

law, "[a] person sentenced to a bifurcated sentence . . . shall serve the term of confinement in prison portion of the sentence without reduction for good behavior." Wis. Stat. § 973.01(4) (2013–14).[2] Baade counters that Wis. Stat. § 973.155(4) entitles him to good time credit against his sentence. That statute provides that "inmates . . . serving sentences of one year or less and confined in a county jail, house of correction or county reforestation camp" are entitled to sentence credit for "earned good time." We conclude that § 973.155(4) is not applicable to Baade as Baade had a sentence of more than one year, and therefore, he is not entitled to the good time earned during his failed probationary period to be applied as sentence credit to his confinement time in prison.

¶ 5. The following principles apply to sentences imposed in Wisconsin:

(1) A bifurcated prison sentence always involves a term in excess of one year and is a sentence to "imprisonment in the Wisconsin State prisons." Wis. Stat. § 973.01.

(2) A jail sentence is one in which a defendant is imprisoned in a county jail and in which "good time" (defined as one-fourth of his or her term) is available. "Good time" is earned by inmates of a county jail. Wis. Stat. §§ 302.43, 973.03.

(3) A defendant sentenced to the Wisconsin state prisons and to a county jail for separate crimes shall serve any consecutive sentences in the state prisons "as one continuous sentence." Wis. Stat. § 302.113(4). No "good time" applies to a county jail sentence when served in a

---

[2] All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

state prison as the prison and county jail sentences are construed as one consecutive sentence. *Harris*, 337 Wis. 2d 222, ¶ 10.

    (4)    A convicted offender is entitled to sentence credit toward his or her sentence "for all days spent in custody in connection with the course of conduct for which sentence was imposed," Wis. Stat. § 973.155(1)(a), and sentence credit is to include earned good time if the sentence is for a term of one year or less, § 973.155(4).

¶ 6.    Applying these principles to Baade leads to the following conclusions:

    (1)    Baade's four-year prison sentence is a sentence of more than one year in the Wisconsin state prisons.

    (2)    Baade received sentence credit for all days spent "in custody": nine months.

    (3)    While Baade earned "good time" during his time in the county jail while on probation, his earned good time is not treated as sentence credit as Baade's sentence is for more than one year.

    (4)    Baade has received sentence credit for all the time he spent "in custody."

¶ 7.    Baade argues that he is entitled to good time credit against his prison confinement as his one year of condition time in the county jail constituted a sentence of one year or less pursuant to Wis. Stat. § 973.155(4). We disagree. The one year of confinement in the county jail ordered by the court as a condition of Baade's three-year probationary term is distinct from the four-year stayed sentence.

¶ 8.    We have historically distinguished a probationary condition of confinement from a "sentence" in the application of good time statutes. In *Prue v. State*,

178

63 Wis. 2d 109, 113, 216 N.W.2d 43 (1974), the Wisconsin Supreme Court held that probationary confinement in jail "is not intended to be serving a sentence." The offender in *Prue* sought good time reduction on a six-month probationary term in a county reforestation camp, which was governed by the same good time laws applicable to county jail inmates. *Id.* at 111. The court rejected his request on the basis that a state law "providing for a diminution of sentence of one fourth of the term for good behavior for every inmate in a county jail is not applicable to persons confined in a county jail as a condition of probation." *Id.* at 112. The *Prue* court reasoned that "[p]robation is an alternative to a sentence; and the fact that a condition of confinement in the county jail is similar to the confinement of a sentence . . . does not make a probation a sentence." *Id.* at 114. We relied on *Prue* in *State v. Fearing*, 2000 WI App 229, ¶¶ 9–10, 13, 239 Wis. 2d 105, 619 N.W.2d 115, to deny an offender's request for the right to earn good time for jail confinement imposed as a condition of probation. In accordance with this precedent, we conclude that Baade was not "serving [a] sentence[]" of one year or less" pursuant to Wis. Stat. § 973.155(4) when he was confined in county jail as a condition of his probation.[3]

---

[3] Baade contends that we should not apply *Prue v. State*, 63 Wis. 2d 109, 216 N.W.2d 43 (1974), and *State v. Fearing*, 2000 WI App 229, 239 Wis. 2d 105, 619 N.W.2d 115, as they have been "rendered inapplicable to a defendant like Mr. Baade by virtue of Wis. Stat. § 973.09(1)(d)." While we agree that § 973.09(1)(d) supercedes the holdings of these cases denying good time to offenders confined as a condition of probation, that does not render inapplicable their distinction between confinement as a condition of probation and confinement under a "sentence" in the interpretation of good time statutes.

¶ 9. While WIS. STAT. § 302.43 provides good time credit to county jail inmates (including those on probation), WIS. STAT. § 973.01(4) does not permit good time for state prison inmates. As an inmate of a state prison, serving a sentence under § 973.01, Baade was not eligible for good time credit against his two years' confinement. *See Harris*, 337 Wis. 2d 222, ¶ 10; *see also State ex rel. Darby v. Litscher*, 2002 WI App 258, ¶ 14, 258 Wis. 2d 270, 653 N.W.2d 160.

¶ 10. Baade argues that once good time is earned it cannot be taken away. Nothing, however, has been taken from Baade—he served nine months of the one year that he was ordered to serve in the county jail. It is inconsistent with the statutes and our precedent to interpret WIS. STAT. § 973.155(4) so as to permit Baade's avoidance of the full two years of confinement that he was sentenced to. Baade had the opportunity to serve less time in confinement by complying with all of the conditions of his probation and by exhibiting good behavior while confined in jail as a condition of his probation. By choosing to violate the conditions of his probation, Baade caused his prison sentence to go into effect. To give Baade sentence credit of ninety days for time he never spent in confinement is contrary to the very basis of this state's truth-in-sentencing legislation. Baade's sentence was for two years of confinement and he must serve two years of confinement.[4]

*By the Court.*—Order reversed.

---

[4] Baade requests that we apply our decision prospectively. We decline to do so as we see no reason to do so. *See Wenke v. Gehl Co.*, 2004 WI 103, ¶ 69, 274 Wis. 2d 220, 682 N.W.2d 405 (retrospective application employed except in rare, inequitable situations).