PER CURIAM.
¶1 Donna Daniels appeals a judgment of conviction, entered following her no-contest plea, for theft by an employee in a business setting. She also appeals the denial of her postconviction motion for resentencing. Daniels argues the State materially and substantially breached the terms of the parties' plea agreement by recommending a withheld sentence and an imposed and stayed year in jail as a condition of probation to be used at the agent's discretion, when the signed plea questionnaire said that the State would recommend an imposed and stayed jail sentence and "no conditional jail." Daniels further contends her defense counsel provided constitutionally ineffective assistance by not objecting to the breach. We agree with Daniels in both respects. Accordingly, we reverse the circuit court and remand for resentencing by a different judge.
BACKGROUND
¶2 In 2016, the State charged Daniels with theft by employee for stealing approximately $15,000 from her employer through a series of unauthorized raises. Daniels and the State reached an agreement for her to plead no contest to the charge. Daniels eventually signed a plea questionnaire and waiver of rights form that noted the State was agreeing to recommend: "Probation, imposed and stayed jail sentence, no conditional jail, COMPAS evaluation, court costs, restitution."[1]
¶3 At the sentencing hearing, the prosecutor asked the circuit court to "withhold sentence, place the defendant on probation for a period of three years," and to "impose but stay twelve months jail time in this case for use by the agent." The prosecutor added:
We think that the combination of probation as well as the imposed and stayed jail as well as the fact that she pled to a class G felony would provide incentive for the defendant to comply with terms of probation, make restitution payments, and make the victims whole in this case.
Daniels' counsel did not object to the prosecutor's recommendation. The court ultimately withheld sentence and placed Daniels on three years of probation with ninety days' conditional jail time.
¶4 Daniels filed a postconviction motion requesting resentencing.[2] In her motion, she argued that the State materially and substantially breached the terms of the plea agreement and that her defense counsel provided ineffective assistance by not objecting to the breach. The circuit court held a Machner[3] hearing, at which Daniels' defense attorney, Andrew Mongin, testified. Of note, Mongin admitted that he did not discuss with Daniels the decision not to object to the State's sentencing recommendation. Rather, Mongin testified that he did not perceive the prosecutor's recommendation as a breach of the plea agreement. Mongin further testified that he believed the prosecutor's recommendation was "substantially consistent with" the plea agreement as reflected on the plea questionnaire and waiver of rights form. Mongin testified he reached this conclusion because he and Daniels would have accepted any offer that did not include up-front jail time. He explained that their principal objective was to ensure that any jail time was stayed or withheld. Mongin also testified that the language in the plea questionnaire was intended to mean there would be no conditional jail time up front.
¶5 The circuit court found Mongin credible and that, in light of his testimony, Daniels' primary goal for the plea agreement was to walk out of the courtroom without spending any time in jail. The court determined that the prosecutor's recommendation was generally consistent with that goal, and that any breach was based on a "hypertechnical interpretation" of both the plea agreement and prosecutor's recommendation such that it was not a material and substantial breach. Daniels now appeals.
DISCUSSION
¶6 Daniels' allegation of error involves the intersection of two claims-that her counsel performed in a constitutionally ineffective manner and that the State unlawfully breached its plea agreement with her. An ineffective assistance of counsel claim presents a mixed question of fact and law. State v. Pico , 2018 WI 66, ¶13, 382 Wis. 2d 273, 914 N.W.2d 95. The circuit court's findings of fact, which include the circumstances of the case and defense counsel's conduct and strategy, will not be reversed unless they are clearly erroneous. Id. "We independently review, as a matter of law, whether those facts demonstrate ineffective assistance of counsel." Id.
¶7 A defendant must show two things to establish his or her counsel provided constitutionally ineffective assistance. First, the defendant must show that his or her attorney provided deficient representation. State v. Erickson , 227 Wis. 2d 758, 768, 596 N.W.2d 749 (1999). Second, the defendant must show that the deficiency prejudiced his or her defense. Id. Here, the parties appear to agree that if Daniels demonstrated the State materially and substantially breached the plea agreement, then, per State v. Sprang , 2004 WI App 121, ¶¶27-29, 274 Wis. 2d 784, 683 N.W.2d 522, her counsel performed deficiently because her attorney did not confer with Daniels about foregoing an objection, and prejudice is presumed.
¶8 Criminal defendants have a constitutional right to the enforcement of a negotiated plea agreement, which includes fulfillment of a promise to make a particular sentencing recommendation. State v. Smith , 207 Wis. 2d 258, 271-72, 558 N.W.2d 379 (1997). "The terms of a plea agreement and the historical facts of the State's conduct that allegedly constitute a breach of a plea agreement are questions of fact," which must be accepted unless clearly erroneous. State v. Matson , 2003 WI App 253, ¶15, 268 Wis. 2d 725, 674 N.W.2d 51. "[W]hether the State's conduct constitutes a breach of the plea agreement and whether the breach is material and substantial are questions of law," subject to our independent review. Id. ; see also State v. Williams , 2002 WI 1, ¶20, 249 Wis. 2d 492, 637 N.W.2d 733.
¶9 A material and substantial breach of a plea agreement is one that deprives a defendant of a bargained-for benefit. Santobello v. New York , 404 U.S. 257, 262 (1971). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Id. Conversely, a breach that is merely technical will not be actionable. State v. Bangert , 131 Wis. 2d 246, 289-90, 389 N.W.2d 12 (1986) ; State v. Howard , 2001 WI App 137, ¶15, 246 Wis. 2d 475, 630 N.W.2d 244. The burden is on the party arguing a breach to show by clear and convincing evidence that a breach occurred and that the breach was material and substantial. State v. Deilke , 2004 WI 104, ¶13, 274 Wis. 2d 595, 682 N.W.2d 945.
¶10 As mentioned above, the first step is to determine, as a factual matter, the terms of the plea agreement and the historical facts of the State's conduct. Indeed, it seems this is the battleground on which the State principally fights this appeal. The State disputes neither the language included in the plea questionnaire/waiver of rights form, nor the words in the prosecutor's recommendation at the plea hearing. Rather, it contends the circuit court correctly found that despite the differences between the form and the prosecutor's recommendation, the parties' plea agreement was actually only intended to ensure that the State recommended no up-front jail time. Accordingly, the State asserts that the language in the plea questionnaire form regarding the plea agreement actually "meant [ ] no conditional jail time up front and all jail time imposed and stayed," and that the one year of imposed but stayed jail time recommended by the State did not run afoul of this understanding by the parties.
¶11 The State's arguments regarding the actual terms of the plea agreement are problematic as a factual matter for two reasons. First, as Daniels correctly notes, the circuit court never made a factual finding that the terms of the plea agreement were not those as stated on the plea form. Rather, it seemingly concluded that there was a breach, but only a "hypertechnical" one, presumably meaning not a material and substantial one. That conclusion, like the State's argument on appeal, appears to have focused solely on Mongin's testimony as to Daniels' primary goal during plea negotiations being no up-front jail time. However, as will be explained below, the State cannot accomplish that goal in a manner materially different than what it agreed in writing to recommend, regardless of whether the recommendation it ultimately made was consistent with Daniels' objective in negotiating the written agreement.
¶12 Second, even if we were to conclude that the circuit court made an implicit finding that the plea agreement was only for no up-front jail time, with any jail time imposed and stayed, such a finding would be clearly erroneous. Neither the State nor the circuit court can gainsay the language written on the plea questionnaire form that Daniels signed. Moreover, neither the State nor the circuit court argued that the language was ambiguous, and any such claim would have been meritless.
¶13 Having established that the terms of the parties' plea agreement include the provisions written on the plea questionnaire form, we next address whether the State materially and substantially breached the terms of the parties' plea agreement as a matter of law. We conclude the State breached the agreement by virtue of its sentencing recommendation. The basic error in the State's argument is that it presumes Mongin's testimony regarding Daniels' primary goals in negotiating the plea agreement by itself answers the question of whether the State materially and substantially breached the parties' plea agreement. To be sure, Mongin testified-and the circuit court found credible-that his and Daniels' primary goals in making the plea were to ensure that any jail time was stayed or withheld and that there would not be any up-front jail time, and he further testified that the language in the plea questionnaire was intended to mean there would be no conditional jail time up front. As the court correctly noted, Daniels' primary goal was to walk out of the courtroom without spending any time in jail.
¶14 That goal, however, can be accomplished in more than one way, and these various ways can have materially different impacts on Daniels. To explain, we begin by noting that both the State's agreed-to recommendation and its actual recommendation requested probation. So far so good. However, the State then recommended a withheld sentence-not the agreed-to imposed and stayed sentence-and "the maximum term of conditional jail allowable by law for use at the total discretion of a probation agent"-not the agreed-to "no conditional jail."
¶15 These two sets of recommendations are much different in character and in potential effect. When a circuit court places a person on probation, the court may impose and stay a sentence, or it may withhold sentencing in the event of revocation. See WIS. STAT . § 973.09(1) ; State v. Horn , 226 Wis. 2d 637, 649, 594 N.W.2d 772 (1999). A sentence that is imposed and stayed will take effect immediately upon revocation, whereas a withheld sentence allows the defendant to return to court to argue what the appropriate sentence should be upon revocation but also permits the court to impose any lawful sentence for the underlying offense. Daniels received a bargain in which she obtained the State's agreement to recommend the former, not the latter. Importantly, a person with an imposed and stayed sentence knows what sentence he or she is facing should he or she fail on probation. By contrast, a person with a withheld sentence is facing uncertainty-and, here, that uncertainty involved Daniels serving up to ten years' imprisonment. See WIS. STAT . § 943.20(1)(b) (theft from a business is a Class G felony); WIS. STAT . § 939.50(3)(g).
¶16 Furthermore, here, the agreed-to recommendation was not just for any imposed and stayed sentence, but rather for an imposed and stayed jail sentence. The agreement to recommend only a jail sentence would have necessarily capped the prosecutor's recommendation to that of one year or less, see WIS. STAT . § 973.02, which is a far cry from a potential sentence of anywhere from one to ten years. Notably, Mongin never testified regarding the parties' agreed-upon maximum sentence recommendation.
¶17 There is more. The plea agreement also required the State not to recommend conditional jail time. Yet, at sentencing, the State not only asked for conditional jail, imposed and stayed, but it also asked for the maximum amount allowable by law. See WIS. STAT . § 973.09(4)(a) (conditional jail time may not exceed one year). There are two ways that a criminal defendant can be ordered to serve time in jail. See Prue v. State , 63 Wis. 2d 109, 114, 216 N.W.2d 43 (1974), superseded by statute on other grounds as recognized in State ex rel. Baade v. Hayes , 2015 WI App 71, ¶8 n.3, 365 Wis. 2d 174, 870 N.W.2d 478. A circuit court may impose a jail sentence, or it may impose up to one year in jail as a condition of probation. Sec. 973.09(4)(a). Again, the two outcomes are materially different.[4] Here, the plea agreement required the State to recommend only the first type of jail-i.e., jail as an imposed but stayed "sentence." The State explicitly agreed not to recommend the second type of jail-i.e., jail as a condition of probation. But at sentencing, the State did just that.
¶18 Given the foregoing, the mere accomplishment of Daniels' "primary goal" at sentencing does not overcome the fact that, in the end, the State and Daniels agreed in writing to a particular means of accomplishing that goal. That approach-i.e., "[p]robation, imposed and stayed jail sentence, no conditional jail"-is much different in character and in potential effect than what the State actually recommended-i.e., to "withhold sentence, place the defendant on probation for a period of three years," and to "impose but stay twelve months['] jail time in this case for use by the agent." Especially because of these differences, it cannot be said that the plea deal did not rest "in any significant degree" on these specific terms, Santobello , 404 U.S. at 262, and the State's recommendation deprived Daniels of her bargained-for benefits.
¶19 Given the State's apparent concession that a breach of the plea agreement also establishes ineffective assistance of counsel, see supra ¶7, we also conclude Daniels has demonstrated that her attorney's failure to object to this breach without consulting with her was deficient conduct that caused prejudice to Daniels. Therefore, she was denied her constitutional right to the effective assistance of counsel. Accordingly, we reverse the circuit court and remand for resentencing by a different judge.
By the Court. -Judgment and order reversed and cause remanded for further proceedings.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

In a previous plea offer, the State had offered to recommend probation, with jail time as a condition of probation, and a withheld sentence. See Wis. Stat . § 973.09(4)(a) (2017-18) (when a sentencing court places a person on probation, the court may impose up to one year in jail as a condition of probation). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Daniels also raised a claim for sentence modification based on a new factor-namely, her worsening health and the fact that, after sentencing in this case, the federal government deemed her disabled. She asked the circuit court to indefinitely stay the ninety days of conditional jail in exchange for her performing community service. Daniels furthermore offered to waive her resentencing claim should the court agree to indefinitely stay the ninety-day conditional jail term. The court denied Daniels' new-factor claim for sentence modification, and Daniels does not appeal that ruling.

See State v. Machner , 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

In certain cases, a circuit court may order both, by imposing probation with jail as a condition of probation and simultaneously imposing but staying a jail sentence. This result is allowable under the law because probation is not considered a "sentence" but rather is "an alternative to a sentence." Prue v. State , 63 Wis. 2d 109, 114, 216 N.W.2d 43 (1974), superseded by statute on other grounds as recognized in State ex rel. Baade v. Hayes , 2015 WI App 71, ¶8 n.3, 365 Wis. 2d 174, 870 N.W.2d 478.