**COURT OF APPEALS
DECISION
DATED AND FILED**

**September 17, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2024AP2013**

Cir. Ct. No.  **2022CM780**

STATE OF WISCONSIN

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

STEPHEN P. LODWICK,

   DEFENDANT-APPELLANT.

APPEAL from orders of the circuit court for Washington County: SANDRA J. GIERNOTH, Judge. *Affirmed*.

¶1     GROGAN, J.[1]  Stephen Lodwick appeals, pro se, from two orders, one of which denied his postconviction Motion for a New Trial and Motion for

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

Order Granting a New Trial and one denying his subsequent Motion for Reconsideration. On appeal, Lodwick generally asserts that the circuit court erred in denying his motions because: (1) he was "in custody" at the time he filed the motions for purposes of WIS. STAT. § 974.06 because he was subject to a civil judgment stemming from the restitution order and alleged sufficient facts to warrant a hearing; (2) the court's restitution order was based on false or fraudulent information; and (3) the court erred in imposing the domestic abuse modifier.[2] This court rejects Lodwick's assertions and affirms.

## I. BACKGROUND

¶2      On August 29, 2022, the State charged Lodwick with misdemeanor battery (WIS. STAT. § 940.19(1)) and disorderly conduct (WIS. STAT. § 947.01(1)), both with domestic abuse modifiers (WIS. STAT. §§ 968.075.(1)(a) and 973.055(1)). A second amended complaint later added a criminal damage to property charge (WIS. STAT. § 943.01(1)). A jury found Lodwick guilty of disorderly conduct but not guilty of battery or criminal damage to property, and the circuit court thereafter sentenced Lodwick to 40 days of jail with Huber privileges imposed and stayed for one year of probation. The court also imposed a domestic abuse surcharge on Lodwick's disorderly conduct conviction under

---

[2] Lodwick identifies six issues in his appellate brief. This court addresses the first two together as both pertain to arguments related to the circuit court's decision regarding WIS. STAT. § 974.06 and whether Lodwick was entitled to a hearing on his postconviction motion. This court does not address Lodwick's third issue, which alleges that "the circuit court erred in failing to grant relief sought by defendant/appellant[,]" because he failed to sufficiently develop this argument. (Formatting altered.) *See State v. Pettit*, 171 Wis. 2d 627, 492 N.W.2d 633 (Ct. App. 1992) (undeveloped arguments will not be addressed). Lodwick also asserts that the circuit court erred in failing to grant his expungement request; however, as will be described below, that issue is not properly before this court on appeal.

§§ 968.075(1)(a) and 973.055(1). The judgment of conviction indicated that the amount of restitution was to be determined, and the court scheduled a restitution hearing for a later date.

¶3 At the conclusion of the August 2023 restitution hearing, the circuit court ordered that Lodwick pay restitution in the amount of $5,705.12, in addition to a ten percent Crime Victim Compensation Fund surcharge, during his term of probation or else a civil judgment would be entered for any remaining balance. In June 2024, the court held a probation review hearing to address Lodwick's unpaid court costs totaling $1,113.51. The court ordered Lodwick's term of probation extended for one year or until the costs were paid in full, and it also entered a civil judgment against Lodwick for unpaid restitution. The Department of Corrections terminated Lodwick's probation on July 18, 2024, the date on which Lodwick's probation was originally set to be completed.

¶4 On August 14, 2024, Lodwick filed a "Notice of Motion and Motion for A New Trial" in which he requested several forms of relief including vacatur of his conviction and a new trial, vacatur of the domestic abuse modifier with expungement, and vacatur of the restitution order. The circuit court denied Lodwick's motion in a written decision, first concluding that Lodwick was not in custody or serving a sentence and thus could not advance a postconviction motion under WIS. STAT. § 974.06. The court also determined that even if a postconviction motion was available to Lodwick, his motion was untimely because he failed to file a notice of intent to pursue postconviction relief within the statutory time limit set forth in WIS. STAT. §§ 974.02 and 809.30(2)(b). Finally, the court explained that Lodwick could not file his motion for a new trial pursuant to WIS. STAT. § 805.15, as that statute applies to civil trials and this was a criminal matter. Lodwick filed a motion for reconsideration, which the court also denied.

¶5    Lodwick filed a notice of appeal on October 4, 2024, as to both the circuit court's orders denying his initial motion and his motion for reconsideration. A November 21, 2024 entry in the CCAP records reflects that Lodwick also filed a motion for expungement, which the court denied on December 12, 2024.[3] However, neither the expungement motion nor the order denying it are included in the appellate record, and Lodwick did not file a separate appeal from that December order.

## II.  STANDARD OF REVIEW

¶6    Lodwick first claims the circuit court erred when it denied his postconviction motion without an evidentiary hearing.  A defendant is entitled to an evidentiary hearing if "the motion on its face alleges sufficient material facts that, if true, would entitle the defendant to relief." *State v. Ruffin*, 2022 WI 34, ¶27, 401 Wis. 2d 619, 974 N.W.2d 432.  This court reviews such questions de novo. *Id.*  "Whether the record conclusively demonstrates that the defendant is entitled to no relief is also a question of law [this court] review[s] independently." *Id.*

¶7    "To prevail on a motion for reconsideration, the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn*

---

[3] Washington County Circuit Court Case No. 2022CM780.  "CCAP" is the acronym commonly used to refer to the Consolidated Court Automation Program, which "is a case management system provided by [the] Wisconsin Circuit Court Access program" that "provides public access online to reports of activity in Wisconsin circuit courts[.]" *State v. Bonds*, 2006 WI 83, ¶6, 292 Wis. 2d 344, 717 N.W.2d 133.  Appellate courts may take judicial notice of CCAP records. *See* WIS. STAT. § 902.01; *see also State v. Aderemi*, 2023WI App 8, ¶7 n.3, 406 Wis. 2d 132, 986 N.W.2d 306.

*Wagons, Ltd.*, 2004 WI App 129, ¶44, 275 Wis. 2d 397, 685 N.W.2d 853. "A 'manifest error' is not demonstrated by the disappointment of the losing party"; rather, "[i]t is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (citations omitted).

## III. DISCUSSION

### A. The Circuit Court Did Not Err in Concluding Lodwick Was Not "In Custody" for Purposes of WIS. STAT. § 974.06.

¶8     Lodwick first argues that the circuit court should have held an evidentiary hearing on his motion because he believes the term "in custody under sentence of a court" as used in WIS. STAT. § 974.06(1) is ambiguous and should include the situation he was in—subject to a civil judgment for restitution entered following termination of his probation—at the time he filed his motion. In support of this argument, Lodwick relies on *State v. Mentzel*, 218 Wis. 2d 734, 741, 581 N.W.2d 581 (Ct. App. 1998), where we held that the phrase "in custody under sentence of a court" was ambiguous.

¶9     Despite Lodwick's assertions, *Mentzel* does not support his position because the issue there was whether "under sentence of a court" refers to "sentence[s] actually imposed by the court" or rather "the more generic sentencing process" itself. *Id.* at 739. In answering that question, the *Mentzel* court held that defendants serving a probationary term were entitled to pursue relief under WIS. STAT. § 974.06. *Mentzel*, 218 Wis. 2d at 743. At the time Lodwick filed his motion, however, his probationary term had ended—in other words, he was no longer *serving* the sentence—and neither *Mentzel* nor any other authority Lodwick cites supports his position that a defendant who has completed his term of probation may file a § 974.06 motion despite remaining subject to a *civil* judgment

for unpaid restitution stemming from the already completed sentence. To conclude otherwise would violate the well-known statutory constructs set forth in *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, 271 Wis. 2d 633, 681 N.W.2d 100, as interpreting "sentence" as used in § 974.06 in the manner Lodwick requests would clearly lead to an "absurd or unreasonable result[]." *See Kalal*, 271 Wis. 2d 633, ¶46.

¶10 Accordingly, the circuit court correctly determined Lodwick was not eligible to seek postconviction relief under WIS. STAT. § 974.06 and therefore did not err in declining to hold a hearing on the motion as a result.[4]

### B. The Circuit Court Did Not Err in Granting Restitution.

¶11 Lodwick next argues that the circuit court erred when it ordered restitution in the amount of $5,705.12. Specifically, he argues that despite his acquittal on all other charges besides disorderly conduct, the court "clear[ly]" relied upon the "false" testimony supporting those charges in imposing an amount of "restitution exceeding $5,000.00."

¶12 The victim in a restitution proceeding bears the burden of proving losses by a preponderance of the evidence, *see* WIS. STAT. § 973.20(14)(a), and must "show that there is a 'causal nexus' between the crime and the victim's losses, such that the defendant's criminal activity was a 'substantial factor' in

---

[4] The circuit court also concluded that Lodwick's motion was untimely under WIS. STAT. §§ 974.02 and 809.30(2)(b), which require that defendants seeking postconviction relief file a notice of intent to pursue postconviction relief within 20 days after the date of sentencing, which Lodwick failed to do. The court likewise concluded that WIS. STAT. § 805.15 did not apply, as that statute applies to civil, not criminal, matters. The circuit court did not err in reaching those conclusions, and this court will not address them further.

causing the losses[.]" ***State v. Wiskerchen***, 2019 WI 1, ¶25, 385 Wis. 2d 120, 921 N.W.2d 730 (citation omitted). At the restitution hearing, the circuit court accurately cited the applicable law, and the victim, appearing without counsel, provided evidence in the form of testimony and documentation and sought $41,400 in lost wages, $16,000 in costs associated with an injury to her left shoulder that required surgery, $845 for chiropractic services to treat neck pain, approximately $1,000 for mental health counseling, $380 for property damage related to a broken mirror and a broken cell phone charger, and $20,000 in lost commission related to the sale of a horse, among other requests.

¶13 Contrary to Lodwick's claim that the circuit court improperly relied on "false" testimony in ordering what he considers an excessive restitution award, the court awarded significantly less than the victim requested after expressly finding credibility issues with several of the victim's claimed damages. The court also noted that it based its findings entirely on the disorderly conduct offense and that it did not consider the other two counts on which Lodwick was acquitted. Lodwick has failed to show that the court improperly relied on "false" testimony or otherwise considered acquitted charges in determining the restitution award, and the Record demonstrates that the court's restitution ruling was not erroneous.

### C. The Domestic Abuse Surcharge

¶14 Lodwick next claims the circuit court erred in assessing a domestic abuse surcharge in connection with his conviction for disorderly conduct and suggests that the court failed to make the required findings necessary to impose the surcharge. To review Lodwick's assertions on this point, this court would need to review the circuit court's findings and conclusions at the sentencing hearing. However, the transcript from that hearing is not in the Record, and it was

Lodwick's responsibility as the appellant to ensure a complete Record on appeal. *See **Gaethke v. Pozder***, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 ("It is the appellant's responsibility to ensure completion of the appellate record and 'when an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the [circuit] court's ruling.'" (citation omitted)). This court therefore assumes the sentencing transcript supports the circuit court's decision regarding the domestic abuse surcharge. *See **id.***

¶15 Moreover, despite the absence of the sentencing hearing transcript, information that *is* included in the Record demonstrates that the circuit court did not err in imposing the domestic abuse surcharge because the facts satisfy the requisite criteria under the applicable statutes, WIS. STAT. §§ 968.075(1)(a) and 973.055(1).[5] Specifically, Lodwick testified that he lived with the victim, and he also admitted that he directed profanities at the victim and had taken the victim's phone. These admissions support the court's conclusion, and Lodwick has otherwise failed to show that the court erred in imposing the surcharge.

### D. Lodwick's Expungement Motion

¶16 Lodwick also argues that the circuit court erroneously exercised its discretion when it denied his expungement motion. However, because Lodwick did not file that motion until *after* he filed his notice of appeal, this court does not

---

[5] Pursuant to WIS. STAT. § 973.055(1)(a), if a circuit "court convicts the person of a violation of a crime specified in," inter alia, WIS. STAT. § 947.01(1), as Lodwick was here, "the court shall impose a domestic abuse surcharge under [WISCONSIN. STAT.] ch. 814 of $100 for each offense if" it "imposes a sentence on an adult person or places an adult person on probation, regardless of whether any fine is imposed[.]"

have jurisdiction to review the circuit court's decision denying that motion. Nevertheless, to the extent Lodwick's one-sentence reference to expungement in the "prayer for relief" section of his postconviction motion that the court denied in September 2024 allows this court to address expungement, there is simply no merit to his claim. Lodwick, who was 31 years old at the time of commission of his crime, is statutorily ineligible for expungement. *See* WIS. STAT. § 973.015(1m)(a)1 (authorizing expungement for certain crimes "when a person is under the age of 25 at the time of the commission of an offense."). Further, expungement requests must be made at sentencing. *State v. Arberry*, 2018 WI 7, ¶¶16-22, 379 Wis. 2d 254, 905 N.W.2d 832.

### E. The Circuit Court Did Not Err in Denying Lodwick's Motion for Reconsideration.

¶17 To the extent Lodwick also appeals from the circuit court's denial of his motion for reconsideration, Lodwick fails to convince this court that the circuit court erred. As noted above, a motion for reconsideration cannot simply rehash arguments made in the initial motion but rather must identify either "newly discovered evidence or establish a manifest error of law or fact." *Koepsell's Old Popcorn Wagons, Inc.*, 275 Wis. 2d 397, ¶44. Here, Lodwick's motion for reconsideration did not identify any "newly discovered evidence" that he had not already presented in the earlier motion, and as explained above, the court applied the appropriate law to each of the issues Lodwick raised in his initial motion seeking a new trial. Accordingly, the court did not err in denying his motion for reconsideration.

*By the Court.*—Orders affirmed.

9

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.